IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No: 1:25-CV-03796-PAB-STV

ETHAN RADVANSKY,
    Plaintiff,

v.

1ST CLASS MEDICAL,

    Defendant,
_____/

### DEFENDANT'S MOTION TO DISMISS COMPLAINT AND TO STRIKE CLASS ALLEGATIONS

Defendant, *1st Class Medical* ("Defendant"), by and through undersigned counsel, pursuant to Rule 12(b)(1), 12(b)(6), 12(f) and 23(d) of the Federal Rules of Civil Procedure hereby files its *Motion to Dismiss or to Strike Plaintiff's Class Allegations* in Plaintiff, Ethan Radvansky ("Plaintiff"), and in support states as follows:

**I.    STATEMENT OF FACTS**

1. The Plaintiff has filed numerous other TCPA lawsuits, including 3 in a one-week period, *Destination Xl Group, Inc.* 1:2025cv02777, *Comfortwear Collections International Inc.* (1:2025cv02810) and *1-800-Flowers.com Inc.* (1:2025cv02811) which were filed in the Northern District of Georgia. All three cases cite 7404 which appears to match the number at issue in this case as the 7404 number was purportedly acquired in March of 2025.

2. On November 24, 2025, the Plaintiff filed its Complaint. (DKT No. 1).

3. The Complaint Contains a single count for Count I Violation of 47 U.S.C. § 227(c)(5).

4. Count I is based on 5 alleged **text messages** received by the Plaintiff. Complaint Dkt. No. 1 at para. 13.[1]

5. The Complaint does not allege that any voice calls were received by the Plaintiff.

---

[1] Because text messages are referenced in Radvansky complaint and central to his claim, the Court may consider copies of the text messages on a motion to dismiss, even under Rule 12(b)(6). *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

1

6. The Plaintiff does not allege any specific third parties who received texts or calls from the Defendant.

7. The Plaintiff seeks the following broad class:

**National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to the Defendant, (2) to whom the Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting the Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before the Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) who did not submit their telephone number to the Defendant, (5) within four years preceding the date of this complaint and through the date of class certification.

Complaint at paragraph 21.

## II. Legal Standard

### A. Motion to Dismiss

A motion under rule 12(b)(1) can be made on the ground that the plaintiff lacks standing and therefore the court lacks subject matter jurisdiction. *Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson, 236 F.3d 1174, 1188 (10th Cir. 2000)*. On a motion to dismiss under Rule 12(b)(1), "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* Instead, a Court is obligated to "resolve disputed jurisdictional facts," and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing" to assist it in doing so. *Id.*

Under Rule 12(b)(6), a defendant may move to dismiss a plaintiff's claims for "failure to state a claim upon which relief can be granted." The Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss. First, the Court must ignore "mere conclusory statements" or legal conclusions, which are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Thus, "a complaint must contain sufficient factual matter . . . to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (alteration in original) (internal quotation marks omitted).

### B. Motion to Strike

A motion to strike before the plaintiff has moved to certify the class – or even before discovery – is proper where "the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim." *Gen'l Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982).

Accordingly, federal courts have recognized that it is appropriate to strike class allegations under Rules 12(f), 23(C)(1)(A), and 23(d)(1)(D) "as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23." *Anderson Living Tr. v. WPX Energy Prod., LLC*, No. CIV 12-0040 JB/KBM, 2016 U.S. Dist. LEXIS 131119, at *20-21 (D.N.M. Aug. 27, 2016) ("[I]f the allegations are facially inadequate on the basis of incontrovertible facts, a court may require a plaintiff to strike class allegations before discovery or before the plaintiff files a motion to certify a class."); *Dollison v. Am. Nat'l Ins. Co.*, No. 13 CV-0100-CVE-FHM, 2013 U.S. Dist. LEXIS 67279, at *26 (N.D. Okla. May 9, 2013) ("[Rule 23(d)(1)(D)] gives a district court the authority to strike or dismiss class allegations before discovery if it is apparent from the plaintiff's complaint that a class cannot be certified.").

### III.   ARGUMENT

The case should be dismissed for failure to state a cause of action as "texts" do not qualify for calls under a private cause of action.

Next, the Plaintiff due to the business usage of phone number 7404 to generate TCPA claims does not have standing.

In the alternative should the Court not dismiss the Complaint, then the Complaint's class action allegations should stricken. The individualized issues of consent and number re-assignment predominate over any class-wide issues. Second, the Complaint is devoid of any facts to support his class-wide allegation, and therefore, does not plausibly state class-wide allegations.

A. **Texts are not "telephone calls" actionable under 47 U.S.C. § 227(c)(5) and therefore Count I must be dismissed.**

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In a recent TCPA case a Court analyzing whether a "text" is a "telephone call" under the TCPA the Court found "because a text message is not a 'telephone call,' [Plaintiff] has not stated a plausible claim."

Notably, this lawsuit was filed <u>after</u> *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation, No. 23-1226,* 2025 U.S. LEXIS 2385 (U.S. June 20, 2025) which found that trial courts are "not bound by the FCC's interpretation of the TCPA." *McLaughlin Chiropractic Associates, Inc.* U.S. LEXIS 2385 at p. 13. Accordingly, the Courts should analyze "the reading the court would have reached if no agency were involved," as the TCPA was written in 1991. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400 (2024) (overturning Chevron).

The plain text of 47 U.S.C. 227(c)(5) which is the only portion of the TCPA that provides a <u>private</u> cause of action states:

> **5)Private right of action.** A person who has received more than one **telephone call** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—.

47 U.S.C. 227(c)(5) (emphasis added).

First, text messages did not exist in 1991 when the TCPA was enacted and therefore are not covered.

Second, as other Court's have found "no ordinary person would think of a text message as a '*telephone* call.' This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case." *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025); *see also Perrin v. United States*, 444 U.S. 37, 42 (1979) ("[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.").

The Complaint's references to other portions of the TCPA referring to "telephone solicitations" (Complaint at paragraphs 52 and 53) are not within the statute's limited private cause of action language and are inapplicable. "We have often noted that when 'Congress includes particular language in one section of a statute but omits it in another'—let alone in the very next provision—this Court 'presume [s]' that Congress intended a difference in meaning." *Loughrin v. United States*, 573 U.S. 351, 358 (2014) *quoting Russello v. United States,* 464 U.S. 16, 23 (1983); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1274 (N.D. Fla. 2025) ("In fact, Congress's use of the phrase "telephone call or message" in a neighboring provision only undermines [plaintiff's] position. It shows that Congress does not use the term "telephone call" to encompass all "messages."").

The Tenth Circuit has not determined post- *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation* whether telephone calls constitute text messages, nor has the Plaintiff cited such authority in its Complaint. Other Court have reached the conclusion that text messages are "phone calls" under the private cause of action under 47 U.S.C. 227(c)(5). *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 901–02 (C.D. Ill. 2025) ("The Court finds that the Plaintiffs have failed to state claims for violations of Section 227(c) of the TCPA, 47 C.F.R. § 64.1200(c), and 47 C.F.R. § 64.1200(d) given that allegedly "violative text messages" stand "at the core of Plaintiffs' factual allegations".")

Accordingly, no private cause of action exists under 47 U.S.C. 227(c)(5) for text messages and therefore the Complaint should be dismissed with prejudice.

Next, the TCPA's DNC Provisions exclusively and unambiguously apply only to residential telephone subscribers. See 47 U.S.C. § 227(c)(1) & (3) (allowing FCC to issue do-not-call regulations as it relates to residential telephone numbers). Plaintiff's Complaint alleges the texts were to his cell phone. [Complaint at paragraph 8].

Once again, the Plaintiff relies upon a FCC determination pre- *McLaughlin* that cell phones are included in the definition of "residential telephone subscriber." Prior Court's have disagreed that cell phones are included under the TCPA, but were previously bound by the FCC. e, e.g., *Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*, 603 F. Supp. 3d 1334, 1340 (S.D. Fla. 2022) (finding that the provision at hand does not apply to cell phones, but determining (pre-McLaughlin Chiropractic) the court was bound by FCC orders).

Given that the Court is no longer bound to follow FCC interpretations and the language of the TCPA, the Court should similarly dismiss the Complaint with prejudice.

5

### B. Plaintiff Lacks Standing to Bring this TCPA Claim

Under Article III, constitutional standing requires a plaintiff to show that: (1) he or she suffered an injury-in-fact, that is "concrete and particularized" and "actual or imminent," and not merely "conjectural or hypothetical;" (2) the defendant's complained of conduct caused that injury; and (3) it is likely, "as opposed to merely speculative," that a favorable decision by the court will redress the injury. *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 796 (W.D. Pa. 2016).

Given the Plaintiff's business purpose of acquiring a cell phone number to bring TCPA claims as evidenced by the numerous filings, Plaintiff lacks standing. *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 802 (W.D. Pa. 2016) ("Because Plaintiff has admitted that her only purpose in purchasing her cell phones and minutes is to receive more calls, thus enabling her to file TCPA lawsuits, she has not suffered an economic injury.")

Additionally, under the concept of prudential standing "There must be an " 'integral relationship' " between the statutory provisions that a plaintiff claims have been violated and the provisions under which the plaintiff claims standing." *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 804 (W.D. Pa. 2016). Further, such injury must fall within the "zone of interest" to be protected by the statute.

Given the Plaintiff repeat filing status and acquisition of a number for purposes of TCPA claims, Plaintiff's claim is not within the zone of interest and the Plaintiff lacks standing. *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 805 (W.D. Pa. 2016) *quoting Chem Serv., Inc. v. Envtl. Monitoring Sys. Lab.–Cincinnati, 12 F.3d 1256, 1262 (3d Cir.1993)* ("Similarly, Plaintiff's interests are not within the zone of interests intended to be protected by the TCPA. Plaintiff's interests, which include purchasing cell phones with the hope of receiving calls from creditors for the sole purpose of collecting statutory damages, are not "among the sorts of interests [the TCPA was] specifically designed to protect.").

### C. Class Action Allegations Should Be Stricken

Among other things, the Complaint seeks a determination "that this action is a proper class action." (DKT No. 1 at p. 9).

"Class actions are 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Cunningham v. Vivint, Inc.*, No. 219CV00568DBBCMR, 2022 WL 2291669, at *2 (D. Utah June 24, 2022) *quoting Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).

To obtain class certification the Plaintiff is required to satisfy Fed. R. Civ. P. 23(a)

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.[34]

"These requirements are known, respectively, as the "numerosity," "commonality," "typicality," and "adequacy" requirements." *Cunningham v. Vivint, Inc.*, No. 219CV00568DBBCMR, 2022 WL 2291669, at *2 (D. Utah June 24, 2022).

"The party seeking class certification "must show 'under a strict burden of proof' that all four [Rule 23(a)] requirements are clearly met." *Id.* "And the court is required to conduct a "rigorous analysis" to assure that the parties seeking class certification have met their burden." *Id. quoting Wal-Mart, 564 U.S. at 350–51.*

Here, the Plaintiff seeks to serve as the class representative for recipients of texts <u>or</u> calls. [Complaint Para. 21]. Notably, the Plaintiff has conceded by failing to allege that it has not received any calls from the Defendant. Moreover, the Plaintiff seeks class representative status

where the persons residential or cellular telephone number was used. However, the Plaintiff only asserts that his purported newly acquired cellular telephone number received texts.

Given lack of commonality with the purported class the allegations should be stricken. *Cunningham v. Vivint, Inc.*, No. 219CV00568DBBCMR, 2022 WL 2291669, at *4 (D. Utah June 24, 2022) ("Because Plaintiffs have not clearly shown that they are even members of any class against [defendant] or that there are numerous putative class members awaiting certification, they cannot serve as representatives for any class against [defendant].").

Additionally, issues related to consent are individualized and therefore commonality does not exist. *See Id.*

Accordingly, due to a failure to meet the class elements the class allegations should be stricken.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Dismiss the Complaint with Prejudice, award Defendant fees and costs, or in the alternative strike the class action allegations, and grant such other and further relief as the Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF on this 5th day of January 2026.

Respectfully submitted,

**BEIGHLEY, MYRICK, UDELL + ZEICHMAN, PA**
*Counsel for Defendant, 1st CLASS MEDICAL*
2385 Executive Center Drive, Suite 300
Boca Raton, FL 33431
Phone: 561-549-9036
Fax: 561-491-5509
tzeichman@bmulaw.com
By:  /s/ Thomas G. Zeichman
     THOMAS G. ZEICHMAN
     Florida Bar No. 9923