UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **ETHAN RADVANSKY,** individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>**1ST CLASS MEDICAL**<br><br>        *Defendant.* | Case No. 1:25-cv-03796-PAB-STV |

## SCHEDULING ORDER

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Rule 26(f) conference was held on January 27, 2026.

Counsel for Plaintiff Ethan Radvansky ("Plaintiff"):

  Anthony Paronich – Paronich Law, P.C.

Counsel for Defendant 1st Class Medical ("Defendant"):

  Thomas G. Zeichman -- Beighley, Myrick, Udell + Zeichman, PA

### 2. STATEMENT OF JURISDICTION

    Plaintiff asserts that federal subject matter jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

1

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiff

Plaintiff alleges that Defendant violated the TCPA by making unsolicited telemarketing calls via text message to Plaintiff's cell phone number, which was listed on the National Do Not Call Registry since 2007. Plaintiff seeks statutory damages and classwide relief.

#### b. Defendant

Defendant alleges that Plaintiff's complaint does not violate the TCPA because, among other defenses, text messages are not actionable under the TCPA and the Plaintiff does not utilize the cell phone for personal matters. Defendant opposes class certification.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff has filed a lawsuit alleging violations of the TCPA.
2. Plaintiff is an individual.
3. Defendant conducts business in this District.
4. Defendant contacted the Plaintiff's telephone number with text messages.

### 5. COMPUTATION OF DAMAGES

#### a. Plaintiff

Plaintiff seeks statutory damages of $500 per call, trebled for willful violations, plus attorneys' fees and injunctive relief.

#### b. Defendant

Defendant disagrees.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on January 19, 2026. .

**b.  Names of each participant and party he/she represented.**

Anthony Paronich for Plaintiff

Thomas Zeichman for Defendant

**c.  Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Without prejudice to Defendant's request for a discovery stay below, the Parties anticipate exchanging Rule 26(a)(1) disclosures on or before January 21, 2026.

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.  Statement concerning any agreements to conduct informal discovery.**

The parties have not agreed to engage in any informal discovery at this time.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

None at this time. The parties agree to work together in good faith to address and resolve any issues that may arise in the future in this regard, and to bring those issues to the Court if necessary.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

3

None anticipated at this time. The parties agree to work together in good faith to address and resolve any issues that may arise in the future in this regard, and to bring those issues to the Court if necessary.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed, and are continuing to discuss, the possibility of an extra-judicial resolution of this dispute. The parties do not believe that alternative dispute resolution is necessary at this time.

## 7. CONSENT

All parties   ☐   [have]   **X**   **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Parties**: None.

**b. Limitations which any party proposes on the length of depositions.**

**Parties:** No modification requested; default 7-hour limit is appropriate.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Parties:** None.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

**Parties**: Written discovery must be served no later than May 1, 2026, to allow responses before the discovery cutoff.

**e. Other Planning or Discovery Orders**

4

The parties anticipate filing a stipulated protective order regarding the confidentiality of any discovery.

### 9. CASE PLAN AND SCHEDULE

Accordingly, Plaintiff requests that the Court enter the following scheduling order:

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

March 27, 2026.

**b. Discovery Cutoff:**

July 22, 2026.

**c. Motion for Class Certification**

Plaintiff anticipates filing a motion for class certification and proposes the following deadlines.

| EVENT | DUE DATE |
| --- | --- |
| Plaintiff's Motion for Class Certification and Class Expert Reports | Wednesday, July 29, 2026 |
| Defendant's Opposition to Motion for Class Certification and Rebuttal Class Expert Reports | Wednesday, September 2, 2026 |
| Plaintiff's Reply on Motion for Class Certification | Wednesday, September 23, 2026 |

**d. Dispositive Motion Deadline:**

Because the outcome of class certification will likely affect the scope of any summary judgment briefing and may necessitate additional expert discovery, Plaintiff requests that the Court schedule a status conference following the Court's ruling on class certification to set any remaining pretrial deadlines.

Plaintiff suggests a date after Thursday, February 18, 2027.

**e. Expert Witness Disclosure:**

5

**1. The parties shall identify anticipated fields of expert testimony, if any.**

- Call-record analysis
- Telemarketing industry practices
- Class certification issues (numerosity, pattern of calls, etc.)

**2. Limitations which the parties propose on the use or number of expert witnesses.**

None.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 10, 2026.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 13, 2026.**

**f. Identification of Persons to Be Deposed:**

Plaintiff anticipates taking the deposition of Defendant's corporate representative and any expert identified by Defendant.

Defendant anticipates taking the deposition of Plaintiff.

The parties anticipate that each deposition will take no longer than one day, but reserve the right to see additional time if necessary.

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

**a. Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

    **b.  A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

    **a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

    **b.  Anticipated length of trial and whether trial is to the court or jury.**

Jury trial, 3-5 days

    **c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

Not at this time.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this ____ day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED AS SUBMITTED ON January 19, 2026:

| Counsel for Plaintiff | |
|---|---|
| */s/ Anthony Paronich* | Respectfully submitted, |
| Anthony Paronich | |
| Email:  anthony@paronichlaw.com | By: |
| PARONICH LAW, P.C. | |
| 350 Lincoln Street, Suite 2400 | |
| Hingham, MA 02043 | |
| Telephone:  (617) 485-0018 | |
| Facsimile:  (508) 318-8100 | |

Counsel for Defendant
BEIGHLEY, MYRICK, UDELL,
+ ZEICHMAN, PA
2385 Executive Center Drive, Suite 300
Boca Raton, FL 33431
Phone: 561-549-9036
Fax: 561-491-5509
tzeichman@bmulaw.com
By:      /s/ *Thomas G. Zeichman*
THOMAS G. ZEICHMAN
Florida Bar No. 99239

.

*[Please affix counsels' and any pro se party's signatures before submission of the final scheduling order to the court.]*

Case No. 1:25-cv-03796-PAB-STV   Document 19   filed 01/19/26   USDC Colorado
pg 9 of 9