IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03796-PAB-STV

ETHAN RADVANSKY, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

1ST CLASS MEDICAL,

    Defendant.

## DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RULING ON ITS MOTION TO DISMISS AND TO SUBSTITUTE COUNSEL

Defendant 1st Class Medical ("Defendant"), by and through its undersigned counsel, hereby moves the Court to (1) issue a stay in discovery until such time as a decision is issued on Defendant's Motion to Dismiss (Dkt. No. 17) and (2) permit counsel from Beighley Myrick Udell & Zeichman PA to withdraw their appearance on behalf of 1st Class Medical and permit Jason A. Selvey and Gregory C. Brown, Jr. of Jackson Lewis P.C. to enter an appearance as counsel of record for 1st Class Medical. In support of this Motion, Defendant states as follows:

### I.    STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Defendant's counsel (Jackson Lewis P.C.) has conferred with counsel for Plaintiff regarding Defendant's proposal to stay discovery pending the outcome of the Motion to Dismiss. Plaintiff's counsel opposes this proposal.

## II. INTRODUCTION

Plaintiff Ethan Radvansky ("Plaintiff") filed a putative class action complaint against Defendant asserting a claim under the Telephone Consumer Protection Act of 1991 ("TCPA") in connection with certain text messages he claims to have received on his cell phone in March and April 2025. (Dkt. No. 1, Compl. ¶¶ 12-13). On January 5, 2026, Defendant moved to dismiss the Complaint and, in the alternative, strike the Complaint's class allegations. (Dkt. No. 17). As detailed in Defendant's motion, (1) text messages are not "telephone calls" under the TCPA, (2) Plaintiff lacks standing due to using his cell phone number for business purposes to generate TCPA claims, and (3) the class allegations should be stricken because individualized issues predominate and Plaintiff's lack of commonality and typicality with the purported class makes class certification impossible. (Id.)

Defendant recently retained Jackson Lewis P.C. to represent it in connection with this lawsuit. Defendant has consented to the withdrawal of Thomas G. Zeichman and Beighley Myrick Udell & Zeichman PA as counsel of record in this matter. (Dkt. Nos. 23-24).

## III. ARGUMENT

### A. Discovery Should Be Stayed Pending Resolution of Defendant's Motion to Dismiss

Defendant respectfully requests that the Court stay discovery, including pending discovery, pending the ruling on Defendant's Motion to Dismiss. If granted, Defendant's Motion to Dismiss would be fully dispositive. Indeed, as detailed in Defendant's forthcoming Notice of Supplemental Authority, other judges have recently dismissed TCPA cases brought by Plaintiff, and others, based on alleged receipt of text messages

2

not falling within the scope of the TCPA, 47 U.S.C. § 227(c)(5).  See, e.g., Radvansky v. 1-800-Flowers.com, Inc., No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415, at *1 (N.D. Ga. Feb. 17, 2026); Radvansky v. Kendo Holdings, Inc., No. 3:23-cv-00214-LLM, slip op. at 3-7 (N.D. Ga. Feb. 12, 2026) (attached as Exhibit A hereto).  Plaintiff's claim is not legally cognizable and Defendant respectfully suggests that the Court would have very good cause to find the same on multiple grounds.  Because dismissal of the Complaint in this case would make discovery and all other briefing unnecessary, the most efficient course for the parties and the Court is to stay discovery proceedings until this Court issues its decision on Defendant's Motion to Dismiss.

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, or undue burden or expense."  String Cheese Incident, LLC v. Stylus Shows, Inc., No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006).  When evaluating whether to stay discovery proceedings in a case, this Court analyzes five factors: 1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendant; 3) the convenience to the court; 4) the interests of nonparties; and 5) the public interest.  Id. at *4-5.  Here, the String Cheese factors favor staying discovery.

### a. Plaintiff's Interests Do Not Weigh Against a Stay

"A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."  Edwards v. Zenimax Media, Inc., No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 68816, at *3-5 (D. Colo. May 17, 2012)

3

(citations omitted). Plaintiff will suffer no prejudice from a brief pause in discovery, especially since the pending dispositive motion may eliminate the claims and lead to both parties avoiding the unnecessary burdens of discovery. Further, there is no risk of information or testimony being lost since Defendant has a litigation hold in place.

### b.    Defendant's Burden Weighs in Favor of Stay

In contrast to the likely minimal delay Plaintiff would experience, Defendant would be substantially burdened by discovery—both in time and money—on claims that should not survive dismissal. This case does not involve the ordinary burdens associated with litigating a case. Rather, Plaintiff seeks discovery regarding putative class action claims for a potential nationwide class, which is "significant" and "would impose on Defendants more than the ordinary burdens of litigation." Edwards, 2012 U.S. Dist. LEXIS 68816, at *8. Coupled with Defendant's challenge to the alleged text messages that are the basis of Plaintiff's TCPA claim—an argument that other courts have already rejected in similar TCPA cases brought by Plaintiff and others—Plaintiff's "requested discovery may ultimately be useless and a waste of the parties' time and resources." Id. at *9. The waste of time and resources will not be negligible either. Plaintiff has already served Defendant with burdensome and overbroad discovery requests.

### c.    A Stay Would Convenience the Court

As stated above, Defendant's Motion to Dismiss, if granted, would dispose of the entire action. "[W]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." Stone v. Vail Resorts Dev. Co., No. 09-cv-02081-WYD-KLM, 2010 U.S. Dist. LEXIS 8765, at *6 (D. Colo. Jan. 7, 2010); Thornton v. DaVita

Healthcare Partners, Inc., No. 13-cv-00573-RBJ-KMT, 2013 U.S. Dist. LEXIS 145458, at *9 (D. Colo. Oct. 8, 2013).  "Staying discovery pending decision on a dispositive motion that would fully resolve the case furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for further proceedings."  Aurora Bank FSB v. Network Mortg. Servs., No. 13-cv-00047-PABKLM, 2013 U.S. Dist. LEXIS 86067, at *5 (D. Colo. June 19, 2013) (internal citation and punctuation omitted).  Accordingly, this factor favors a stay.

### d. Nonparties' Interests Do Not Weigh Against a Stay

Defendant does not have any reason to believe there are nonparties with significant or particularized interests in this case.  Accordingly, the interests of nonparties do not weigh against Defendant's Motion to Stay.

### e. The Public's Interest Weighs in Favor of Stay

Conserving the Court's resources by staying this action is preferable to the public interest.  "The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible."  Patton v. Stolle Mach. Co. LLC, No. 14-cv-03392- WJM-KLM, 2015 U.S. Dist. LEXIS 45986, at *7 (D. Colo. Apr. 7, 2015).  Allowing this litigation to proceed while a motion to dismiss is pending would lead to potentially wasteful efforts by both the Court and the parties in handling Court hearings, discovery, discovery disputes, and pre-trial motions.  Avoiding wasteful efforts by staying the litigation serves the public interest.

5

**B.     In the Alternative, the Court Should Grant a Protective Order Under Fed. R. Civ. P. 26(c) to Extend the Time for Defendant to Respond to Plaintiff's Discovery Requests**

As noted, Plaintiff has served Defendant with a set of interrogatories and a set of requests for production. This occurred before the undersigned counsel began their representation of Defendant in this matter. Defendant's responses were due on March 6, 2026. Putting aside Defendant's motion to stay, even if discovery were not stayed, the undersigned counsel could not meet that deadline. The undersigned are diligently getting up to speed in the matter, but preparing responses by the March 6, 2026 deadline was not feasible and Defendant is moving for a stay in any event. On March 4, 2026, the undersigned counsel asked Plaintiff's counsel for a 30-day extension of time to respond if Defendant's motion to stay were not granted. Even though the undersigned counsel relayed the circumstances of just beginning their representation, Plaintiff's counsel stated they would not agree to any stay or an extension of discovery deadlines.

Defendant is thus required to seek relief from the Court pursuant to Rule 26(c), in the alternative, to ensure it is not prejudiced. Again, while diligently getting up to speed, counsel requires further time to be able to answer discovery requests (which it submits should be stayed) in the event discovery is not stayed.

**C.     The Court Should Grant Defendant Leave to Substitute Counsel**

As stated above, Defendant recently retained Jackson Lewis P.C. to represent it in connection with this lawsuit, and Defendant has consented to the withdrawal of Thomas G. Zeichman and Beighley Myrick Udell & Zeichman PA as counsel of record in this matter. (Dkt. Nos. 23-24). The requested substitution of counsel will not significantly or needlessly impede the progress of the case, is not being sought for purposes of delay,

6

and will not prejudice any party. Indeed, the case is just at the beginning of discovery (which should be stayed as discussed above). Accordingly, Defendant respectfully requests that leave to substitute its counsel be granted.

## IV.   CONCLUSION

The String Cheese factors weigh in favor of granting a stay of discovery in this action. Any prejudice to the Plaintiffs is significantly outweighed by the potentially unnecessary burden that proceeding with discovery in this case would place on Defendant. Additionally, it is in the Court's best interest to stay this case pending a ruling on Defendant's Motion to Dismiss in order to avoid the unnecessary expenditure of judicial resources, which is also in the best interest of the public, and there are no non-parties who are impacted by this decision.

Moreover, because the substitution of counsel will neither delay the proceedings nor prejudice any party, Defendant respectfully requests that the Court grant leave to substitute its counsel.

Therefore, Defendant respectfully requests that the Court grant the instant motion and (1) stay discovery pending resolution of Defendant's Motion to Dismiss, (2) in the alternative, grant Defendant 30 days to respond to outstanding discovery requests, (3) permit Thomas G. Zeichman and Beighley Myrick Udell & Zeichman PA to withdraw their appearance on behalf of 1st Class Medical, (4) and permit Jason A. Selvey and Gregory C. Brown, Jr. of Jackson Lewis P.C. to enter their appearance as counsel of record for 1st Class Medical.

Respectfully submitted this 6th day of March 2026.

                                JACKSON LEWIS P.C.

                                */s/ Jason A. Selvey*
                                Jason A. Selvey
                                150 North Michigan Avenue, Suite 2500
                                Chicago, IL 60601
                                Telephone: (312) 787-4949
                                Jason.Selvey@jacksonlewis.com

                                Gregory C. Brown, Jr.
                                666 Third Avenue, 28th Floor
                                New York, NY 10017
                                Telephone: (212) 545-4000
                                Gregory.Brown@jacksonlewis.com

                                *Attorneys for Defendant*
                                *1st Class Medical*

## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of March, 2026, a true and correct copy of the foregoing Defendant's Motion to Stay Discovery Pending Ruling on Its Motion to Dismiss and to Substitute Counsel was filed and served electronically via CM/ECF, addressed to the following:

Anthony I. Paronich<br>
Paronich Law, P.C.<br>
350 Lincoln Street, Suite 2400<br>
Hingham, MA 02043<br>
Tel: (617) 485-0018<br>
anthony@paronichlaw.com

                                              */s/ Jason A. Selvey*
                                              Jason A. Selvey