IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03796-PAB-STV

ETHAN RADVANSKY, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

1ST CLASS MEDICAL,

    Defendant.

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant 1st Class Medical ("Defendant") submits the following Notice of Supplemental Authority in further support of its pending motion to dismiss (Dkt. No. 17) regarding similar recently dismissed TCPA cases brought by Plaintiff, and others, based on alleged receipt of text messages not falling within the scope of the TCPA, 47 U.S.C. § 227(c)(5).

1. **Radvansky v. 1-800-Flowers.com, Inc.**, No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415 (N.D. Ga. Feb. 17, 2026)[1]

The Northern District of Georgia recently granted a motion to dismiss a TCPA case brought by Plaintiff Ethan Radvansky (i.e., the same Plaintiff in the instant case) based on alleged receipt of text messages not falling within the scope of the TCPA. In 1-800-Flowers, Plaintiff alleged that he received text messages from 1-800-Flowers without his

---

[1] Lead counsel in the instant case is the same lead counsel in the 1-800-Flowers.com, Kendo Holdings, and Richards decisions discussed herein.

consent, the text messages "were intended for someone other than the Plaintiff, and the purpose of the messages was to advertise the Defendant's flower business." Id. at *1.

The text of Section 227(c)(5) of the TCPA applies to "telephone calls," and the court held that "the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages" following the Supreme Court's decisions in McLaughlin Chiropractic Associates v. McKesson Corp. and Loper Bright Enterprises v. Raimondo. Id. at *14. The FCC previously issued an administrative order that telephone calls included text messages. See 18 FCC Rcd. 14014, 14116 para. 165 (2003). However, McLaughlin relied on Loper Bright to hold that "[d]istrict courts are not bound by [an] agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." McLaughlin Chiropractic Assocs. v. McKesson Corp., 606 U.S. 146, 155 (2025); see Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400 (2024) (reiterating Supreme Court precedent that "every statute's meaning is fixed at the time of enactment"). Post-McLaughlin, courts were left "to decide, with fresh eyes, whether § 227(c)(5)'s reference to 'telephone call[s]' also encompasses text messages." 1-800-Flowers.com, Inc., 2026 U.S. Dist. LEXIS 32415, at *10. After conducting a statutory interpretation analysis, the court found that "Congress intended § 227(c)(5) to encompass only telephone calls." Id. at *11. Notably, the court was "not persuaded by the several district court decisions the Plaintiff provides concluding that 'telephone call' in § 227(c)(5) does include text messages because the reasoning underlying these decisions is inherently flawed." Id. at *13.

2

2. <u>**Radvansky v. Kendo Holdings, Inc.**</u>**, No. 3:23-cv-00214-LLM (N.D. Ga. Feb. 12, 2026)**

Another judge in the Northern District of Georgia recently dismissed a TCPA claim brought by this same Plaintiff based on alleged receipt of text messages. In <u>Kendo</u>, Plaintiff alleged that he received "at lease seventeen text messages from Defendant, which advertised and marketed Defendant's business." <u>Id.</u> at 1. Like <u>1-800-Flowers</u>, the court held that "text messages do not fall within the term 'telephone call' under Section 227(c)(5)." <u>Id.</u> at 7. The court explained that, post-<u>McLaughlin</u>, district courts must interpret the TCPA's plain text without deference to prior FCC guidance. <u>Id.</u> at 4. After conducting its own textual analysis, the Court concluded that Congress' use of "telephone call" in Section 227(c)(5) is purposely narrower than the term "telephone solicitation" in Section 227(c)(1) and distinct from Congress's later, express use of "text message" elsewhere in the TCPA, which demonstrates that when Congress intends to regulate text messages, it says so. <u>Id.</u> at 5-6.

3. <u>**Davis v. CVS Pharmacy, Inc.**</u>**, 797 F. Supp. 3d 1270 (N.D. Fla. 2025)**

The Northern District of Florida granted a motion to dismiss a Section 227(c) TCPA claim premised solely on text messages. The court held that claims under Section 227(c)(5)'s private right of action applies only to telephone calls and does not encompass text messages. <u>Id.</u> at 1273. In reaching that conclusion, the court interpreted the TCPA statute according to its "ordinary meaning" and emphasized Congress' deliberate use of the narrower term "telephone call" in Section 227(c)(5), especially when contrasted with its distinct use of "telephone call or message" and "text message" in neighboring provisions. <u>Id.</u> at 1273-74.

4. <u>El Sayed v. Naturopathica Holistic Health, Inc.</u>, **No. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469 (M.D. Fla. Oct. 24, 2025)**

The Middle District of Florida granted a motion to dismiss a Section 227(c)(5) claim based on two promotional text messages, holding that "telephone call" in Section 227(c)(5) does not include text messages and that courts must independently interpret the TCPA's provisions post-<u>Loper Bright</u>/<u>McLaughlin</u>. <u>Id.</u> at 3-4. Relying on the TCPA's plain language and Congress' distinct usage of "call" versus "text message" elsewhere in the statute, the court concluded that Section 227(c)(5) only applies to a "telephone call" and not text messages. <u>Id.</u>

5. <u>Lopresti v. Nouveau Essentials Mktg. LLC</u>, **No. 5:25-cv-00282-CEM-PRL, 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb. 26, 2026)**

A magistrate judge in the Middle District of Florida recently recommended dismissal of a TCPA class action based solely on unsolicited text messages, holding that Section 227 does not provide a private right of action for text messages. <u>Id.</u> at *12. Relying on <u>El Sayed</u> and its "informed analysis of the relevant issues post-<u>Loper Bright</u>," the court concluded that a "telephone call" under Section 227(c)(5) excludes text messages. <u>Id.</u> at *10-12.

6. <u>Jones v. Blackstone Medical Services, LLC.</u>, **792 F. Supp. 3d 894 (C.D. Ill. 2025) (7th Cir. appeal pending)**

The Central District of Illinois dismissed Section 227(c)(5) claims arising from repeated telemarketing text messages, holding that "telephone call" in Section 227(c) unambiguously excludes text messages under ordinary principles of statutory interpretation and post-<u>Loper Bright</u>/<u>McLaughlin</u> precedent. <u>Id.</u> at 901-02. The court

4

emphasized that "Section 227(c)(5) of the TCPA includes 'telephone call' and does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages" and "[i]t is not for a court to legislate by reading into the TCPA something that is not there." Id.

7. **Richards v. Shein Distribution Corp., No. 1:25-cv-01385-TWP-TAB, 2025 U.S. Dist. LEXIS 219347 (S.D. Ind. Nov. 4, 2025)**

The Southern District of Indiana stayed discovery in a TCPA action pending a ruling on the defendant's motion to dismiss. The dispositive legal question—whether an unsolicited text message constitutes a "telephone call" under Section 227(c)(5)—was (and still is) pending before the Seventh Circuit in Steidinger v. Blackstone Medical Services. Id. at *1. Combined with the pending motion to dismiss, which could also bring this litigation to an end, the Court exercised its broad discretion to grant a stay because it would "simplify the issues, impose a minimal burden on Plaintiff, and reduce the burden of litigation on the Court and the parties." Id. at *2.

For the foregoing reasons and those set forth in Defendant's Motion to Dismiss, the Court should dismiss the Complaint with prejudice.

5

Respectfully submitted this 11th day of March 2026.

JACKSON LEWIS P.C.

*/s/ Jason A. Selvey*
Jason A. Selvey
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Jason.Selvey@jacksonlewis.com

Gregory C. Brown, Jr.
666 Third Avenue, 28th Floor
New York, NY 10017
Telephone: (212) 545-4000
Gregory.Brown@jacksonlewis.com

*Attorneys for Defendant*
*1st Class Medical*

6