# EXHIBIT G



No *Shepard's* Signal™
As of: March 11, 2026 9:33 PM Z

# Richards v. Shein Distrib. Corp.

United States District Court for the Southern District of Indiana, Indianapolis Division

November 4, 2025, Decided; November 4, 2025, Filed

No. 1:25-cv-01385-TWP-TAB

**Reporter**
2025 U.S. Dist. LEXIS 219347 *; 2025 LX 430267; 2025 WL 3079658

WARREN RICHARDS, Plaintiff, v. SHEIN DISTRIBUTION CORPORATION, Defendant.

## Core Terms

pending motion, undersigned, telephone, baker

**Counsel:** [*1] For WARREN RICHARDS, Plaintiff: Anthony Paronich, PARONICH LAW. P.C., Hingham, MA.

or SHEIN DISTRIBUTION CORPORATION, Defendant: David M. Krueger, Benesch Friedlander Coplan & Aronoff, Cleveland, OH; Mark S. Eisen, PRO HAC VICE, Benesch Friedlander Coplan & Aronoff LLP, Chicago, IL.

**Judges:** Tim A. Baker, United States Magistrate Judge.

**Opinion by:** Tim A. Baker

## Opinion

**ORDER ON DEFENDANT'S MOTION TO STAY**

Defendant Shein Distribution Corporation has filed a motion seeking to stay this case pending an appeal to the Seventh Circuit Court of Appeals in a separate case or, alternatively, seeking to stay discovery pending a ruling on Defendant's motion to dismiss. [Filing No. 18.] Defendant's stay request is premised on the fact that the issue in this case—whether unsolicited text messages constitute a "telephone call" for purposes of establishing a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)—is pending before the Seventh Circuit in *Steidinger, et al v. Blackstone Medical Services*, No. 25-2398. Plaintiff Warren Richards opposes Defendant's request.

The Court finds it is appropriate to stay this case pending a ruling on the pending motion to dismiss. That is precisely what Magistrate Judge Klump recently ruled in *Richards v. Fashion Nova, LLC*, No. 1:25-cv-01145-TWP-MKK (S.D. Ind. Oct. 27, 2025), ECF No. 35. The undersigned need not [*2] repeat Judge Klump's sound analysis here. Suffice it to say that, as Judge Klump properly recognized, given the Seventh Circuit appeal and the pending motion to dismiss—either of which could bring this litigation to an end—the Court's broad discretion is best exercised in granting a stay. Doing so will simplify the issues, impose a minimal burden on Plaintiff, and reduce the burden of litigation on the Court and the parties.

Although the undersigned typically prefers to avoid staying cases, Defendant has met its burden to show that a stay is appropriate. Accordingly, Defendant's motion to stay proceedings [Filing No. 18] is granted. This case is stayed pending a ruling on Defendant's motion to dismiss. Defendant's request for oral argument is denied.

Date: 11/4/2025

/s/ Tim A. Baker

Tim A. Baker

United States Magistrate Judge

Southern District of Indiana

**End of Document**