UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **ETHAN RADVANSKY,** individually and on behalf of all others similarly situated,<br><br>　　　　　*Plaintiff*,<br>v.<br><br>**1ST CLASS MEDICAL**<br><br>　　　　　*Defendant.* | Case No. 1:25-cv-03796-PAB-STV |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff Ethan Radvansky respectfully submits this Response in Opposition to Defendant's Motion to Stay Discovery Pending Resolution of its Motion to Dismiss. Plaintiff does not oppose Defendant's request to substitute counsel, but the request to stay discovery should be denied.

Defendant has not met its burden to justify the extraordinary relief of halting discovery in this case. Discovery has already commenced pursuant to the Court's Scheduling Order, which the Court entered after Defendant had already filed its Motion to Dismiss. Defendant's request seeks to undo that schedule based solely on speculation that its motion to dismiss may succeed.

For the reasons below, the Court should deny Defendant's Motion and permit discovery to proceed in accordance with the Scheduling Order already entered in this case.

1. **Plaintiff does not Oppose the Substitution of Counsel.**

At the outset, Plaintiff does not oppose Defendant's request to substitute counsel. Defendant's motion states that Jackson Lewis P.C. has been retained to represent Defendant and that prior counsel seeks to withdraw. Plaintiff takes no position on the substitution of counsel and does not object to the Court permitting Defendant to substitute attorneys consistent with the

1

applicable local rules.

    **2. The Court has already Commenced Discovery in this Case, and did so After the Defendant filed its Motion to Dismiss**

Defendant's motion ignores the procedural posture of this case.

Defendant filed its Motion to Dismiss on January 5, 2026. *See* ECF No. 17. *After* that date, the Court held the Scheduling Conference and entered a Scheduling Order governing discovery on January 27, 2026. *See* ECF No. 21. The Court's Scheduling Order established a discovery period running through July 22, 2026. *Id.* Indeed, as Judge Tafoya previously held, "it is beyond cavil in this district that discovery should proceed unabated after the entry of a scheduling order". *See Brown v. Fryer*, 2012 U.S. Dist. LEXIS 176078, *2-3 (D. Colo. 2012) *citing Fancher v. Bank of Am., N.A.*, 12-cv-00340-MSK-KMT, 2012 U.S. Dist. LEXIS 150834, 2012 WL 5187794, at *2 (D. Colo. Oct. 19, 2012) (denying a *motion* to stay discovery supported by the fact that a Rule 12(b)(6) motion to dismiss was pending as contrary to the disfavored status of stays in this District, and because of the effect such a stay would have on the court's ability to manage its docket). Moreover, Plaintiff has already provided Defendant additional time to respond to the initial discovery requests, further undermining Defendant's claim that discovery obligations impose undue hardship. Defendant has now had more than sixty days to respond to discovery in this matter.

Granting the motion would effectively require the Court to revisit its own Scheduling Order without any showing of good cause.

    **3. Defendant Predicates its Motion on its Hope for a Ruling No Court in this District or the Tenth Circuit Has Adopted and the Defendant has not Otherwise Established Good Cause for a Stay.**

Despite this Court already setting a discovery schedule *after* the filing of the Defendant's

2

motion to dismiss, the Defendant argues that a stay is appropriate even though no Tenth Circuit court has *ever* adopted its argument that a text message is not a "call" under the TCPA. Indeed, other Courts in this District have rejected it. *See Connor v. ServiceQuick Inc.*, No. 1:24-CV-02286-CNS-NRN, 2025 WL 2855393, at *2 n.3 (D. Colo. Oct. 8, 2025) (noting that the FCC's delegated authority has "interpreted the TCPA's reference to a "telephone call" to include text messages.").

Plaintiff has a substantial interest in proceeding with discovery without delay as the Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City and Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 U.S. Dist. LEXIS 32606, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSJ-BNB, 2007 U.S. Dist. LEXIS 15054, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("[E]ssentially staying the case while defendant's motion to dismiss is pending could substantially delay the ultimately resolution of the matter, with injurious consequences."). Plaintiff filed this action to address unlawful telemarketing conduct under the TCPA, and delaying discovery would only postpone resolution of the case and the vindication of the privacy interests Congress sought to protect. Moreover, discovery has already commenced pursuant to the Court's Scheduling Order, and halting discovery now would disrupt the orderly progression of the case that the Court has already established. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause obligates the moving party to 'provide an adequate explanation for any delay' . . . ." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020-21 (10th Cir. 2018).

Defendant has also failed to demonstrate any meaningful burden that would justify a stay. Defendant's primary argument is that responding to discovery will impose litigation costs, but

3

routine litigation expenses are not sufficient to establish good cause for a stay. Indeed, "Defendants are always burdened when they are sued," *Chavez*, 2007 U.S. Dist. LEXIS 15054, 2007 WL 683973, at *2, and "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 U.S. Dist. LEXIS 66948, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). Discovery obligations are an ordinary part of federal litigation, particularly where, as here, the Court has already issued a scheduling order requiring the parties to proceed. *See e.g. Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 U.S. Dist. LEXIS 41174, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District."). Plaintiff has already provided Defendant additional time to respond to the initial discovery requests, further undermining any claim that Defendant faces undue hardship.

Staying discovery would also not promote judicial efficiency. The Court has already held a scheduling conference and entered a Scheduling Order after Defendant's motion to dismiss was filed. As this **Court** has also recognized, "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Lester v. Gene Exp., Inc.*, No. 09-cv-02648-REB-KLM, 2010 U.S. Dist. LEXIS 25379, 2010 WL 743555, at *1 (D. Colo. Mar. 2, 2010). Allowing discovery to proceed is consistent with the Court's case management decisions and ensures the case continues to move forward regardless of how the motion to dismiss is resolved. Halting discovery at this stage would only delay the litigation and could require the Court to revisit deadlines later.

The interests of nonparties likewise do not support a stay because Defendant has not identified any nonparty whose interests would be affected by discovery proceeding.

4

Finally, the public interest favors the efficient resolution of disputes. The TCPA reflects Congress's determination that unwanted telemarketing practices invade consumer privacy, and allowing cases brought under the statute to proceed efficiently serves the public interest in enforcing those protections and resolving disputes without unnecessary delay.

**Conclusion**

Plaintiff does not oppose Defendant's request to substitute counsel. However, Defendant has not met its burden to justify the extraordinary remedy of staying discovery.

The Court has already held a scheduling conference and entered a Scheduling Order after Defendant filed its Motion to Dismiss, thereby placing this case on a discovery track. Defendant's request to halt discovery now rests solely on speculation that its motion to dismiss may succeed—an argument courts in this District routinely reject.

Because Defendant has failed to establish good cause for a stay, and because the relevant factors weigh in favor of allowing discovery to proceed, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery.

Respectfully Submitted,

Dated: March 16, 2026

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the putative Class*

5