**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03796-PAB-STV

ETHAN RADVANSKY, on behalf of
himself and others similarly situated,

     Plaintiff,

v.

1ST CLASS MEDICAL,

     Defendant.

---

### DEFENDANT'S AMENDED NOTICE OF SUPPLEMENTAL AUTHORITY

---

Defendant 1st Class Medical ("Defendant") submits the following Amended Notice of Supplemental Authority in further support of its pending motion to dismiss (Dkt. No. 17) and to replace Defendant's initial Notice of Supplemental Authority filed on March 11, 2026 (Dkt. No. 29), for the Court's consideration. Defendant requests that the Court allow this Amended Notice and permit the withdrawal of Defendant's initial Notice of Supplemental Authority (Dkt. No. 29) for reasons further described below.

In this Amended Notice of Supplemental Authority, Defendant adds one decision it had not previously obtained and removes certain citations the parties are at odds over.[1] Defendant's submission is again supplemental authority regarding similar recently dismissed TCPA cases brought by Plaintiff, and others, based on alleged receipt of text

---

[1] Although it does not agree with Plaintiff, this Amended Notice will also extinguish Plaintiff's objection to the inclusion of certain decisions in the initial Notice. Defendant is opting not to further a dispute over supplemental authority.

messages not falling within the scope of the TCPA, 47 U.S.C. § 227(c)(5). The decisions discussed at points 1-3 below were also discussed in the initial Notice of Supplemental Authority and no changes have been made to the summaries. The decision found at point 4 below is more recent and was not discussed in the initial Notice of Supplemental Authority.[2]

1. **Radvansky v. 1-800-Flowers.com, Inc.,** **No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415 (N.D. Ga. Feb. 17, 2026)[3]**

The Northern District of Georgia recently granted a motion to dismiss a TCPA case brought by Plaintiff Ethan Radvansky (i.e., the same Plaintiff in the instant case) based on alleged receipt of text messages not falling within the scope of the TCPA.  In 1-800-Flowers, Plaintiff alleged that he received text messages from 1-800-Flowers without his consent, the text messages "were intended for someone other than the Plaintiff, and the purpose of the messages was to advertise the Defendant's flower business." Id. at *1.

The text of Section 227(c)(5) of the TCPA applies to "telephone calls," and the court held that "the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages" following the Supreme Court's decisions in McLaughlin Chiropractic Associates v. McKesson Corp. and Loper Bright Enterprises v. Raimondo.  Id. at *14. The FCC previously issued an administrative order that telephone calls included text messages.  See 18 FCC Rcd. 14014, 14116 para. 165 (2003).  However, McLaughlin relied on Loper Bright to hold that "[d]istrict courts are not bound by [an] agency's

---

[2] The decisions found at points 1-4 are attached hereto as exhibits.

[3] Lead counsel in the instant case is the same lead counsel in the 1-800-Flowers.com and Kendo Holdings decisions discussed herein.

interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." McLaughlin Chiropractic Assocs. v. McKesson Corp., 606 U.S. 146, 155 (2025); see Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400 (2024) (reiterating Supreme Court precedent that "every statute's meaning is fixed at the time of enactment"). Post-McLaughlin, courts were left "to decide, with fresh eyes, whether § 227(c)(5)'s reference to 'telephone call[s]' also encompasses text messages." 1-800-Flowers.com, Inc., 2026 U.S. Dist. LEXIS 32415, at *10. After conducting a statutory interpretation analysis, the court found that "Congress intended § 227(c)(5) to encompass only telephone calls." Id. at *11. Notably, the court was "not persuaded by the several district court decisions the Plaintiff provides concluding that 'telephone call' in § 227(c)(5) does include text messages because the reasoning underlying these decisions is inherently flawed." Id. at *13.

2. **Radvansky v. Kendo Holdings, Inc., No. 3:23-cv-00214-LLM (N.D. Ga. Feb. 12, 2026)**

Another judge in the Northern District of Georgia recently dismissed a TCPA claim brought by this same Plaintiff based on alleged receipt of text messages. In Kendo, Plaintiff alleged that he received "at lease seventeen text messages from Defendant, which advertised and marketed Defendant's business." Id. at 1. Like 1-800-Flowers, the court held that "text messages do not fall within the term 'telephone call' under Section 227(c)(5)." Id. at 7. The court explained that, post-McLaughlin, district courts must interpret the TCPA's plain text without deference to prior FCC guidance. Id. at 4. After conducting its own textual analysis, the Court concluded that Congress' use of "telephone

call" in Section 227(c)(5) is purposely narrower than the term "telephone solicitation" in Section 227(c)(1) and distinct from Congress's later, express use of "text message" elsewhere in the TCPA, which demonstrates that when Congress intends to regulate text messages, it says so. Id. at 5-6.

**3. Lopresti v. Nouveau Essentials Mktg. LLC, No. 5:25-cv-00282-CEM-PRL, 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb. 26, 2026)**

A magistrate judge in the Middle District of Florida recently recommended dismissal of a TCPA class action based solely on unsolicited text messages, holding that Section 227 does not provide a private right of action for text messages. Id. at *12. Relying on El Sayed and its "informed analysis of the relevant issues post-Loper Bright," the court concluded that a "telephone call" under Section 227(c)(5) excludes text messages. Id. at *10-12.

**4. Stockdale v. Skymount Prop. Grp., LLC, No. 1:25-cv-1182, 2026 U.S. Dist. LEXIS 42954 (N.D. Ohio Mar. 3, 2026)**

A judge in the Northern District of Ohio recently dismissed another TCPA claim that was based on plaintiff's alleged receipt of unwanted text messages. In Stockdale, the plaintiff alleged that she received text messages from the defendants, which solicited plaintiff to sell her house despite being on the Do Not Call Registry. Id. at *1-2. Plaintiff filed suit alleging Defendants' texts violate the TCPA, 47 U.S.C. § 227(c)(5). Id. at *2. The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). Id.

The court performed its own analysis of the TCPA's text given that the TCPA does not define "telephone call" as used in Section 227(c)(5) and "recent Supreme Court precedent dictates that th[e] Court must independently—and without any special

deference to an agency interpretation—determine the statute's meaning. *McLaughlin*, 606 U.S. at 155." Id. at *4-5.  The court found that the statute is clear and under common definitions, the requisite "'telephone call' could not include modern-day text messages because text messages do not use a telephone to reproduce sounds at a distance." Id. at *5-6. The court granted the defendant's motion to dismiss.


Respectfully submitted this 17th day of March 2026.


JACKSON LEWIS P.C.


*/s/ Jason A. Selvey*
Jason A. Selvey
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Jason.Selvey@jacksonlewis.com

Gregory C. Brown, Jr.
666 Third Avenue, 28th Floor
New York, NY 10017
Telephone: (212) 545-4000
Gregory.Brown@jacksonlewis.com

*Attorneys for Defendant*
*1st Class Medical*

# EXHIBIT 1

# [Radvansky v. 1-800-Flowers.com, Inc.](#)

United States District Court for the Northern District of Georgia, Atlanta Division

February 17, 2026, Decided; February 17, 2026, Filed

CIVIL ACTION FILE NO. 1:25-CV-2811-TWT

**Reporter**

2026 U.S. Dist. LEXIS 32415 *; 2026 LX 21593; 2026 WL 456919

ETHAN RADVANSKY, on behalf of himself and others similarly situated, Plaintiff, v. 1-800-FLOWERS.COM, INC., Defendant.

**Counsel: [*1]** For Ethan Radvansky, on behalf of himself and others similarly situated, Plaintiff: Anthony I. Paronich, LEAD ATTORNEY, PRO HAC VICE, Paronich Law, P.C., Hingham, MA; Valerie Lorraine Chinn, LEAD ATTORNEY, Chinn Law Firm, LLC, Atlanta, GA.

For 1-800-Flowers.com, Inc., Defendant: Jeffrey Allen Zachman, Mark Adam Silver, Dentons US, LLP - ATL, Atlanta, GA; Leanne Elizabeth Sunderland, Dentons US LLP, Atlanta, GA.

**Judges:** THOMAS W. THRASH, JR., United States District Judge.

**Opinion by:** THOMAS W. THRASH, JR.

# Opinion

### OPINION & ORDER

This is an action under the Telephone Consumer Protection Act ("TCPA"). It is before the Court on the Defendant 1-800-Flowers.com, Inc.'s Motion to Dismiss [Doc. 14]. For the following reasons, the Defendant's Motion to Dismiss [Doc. 14] is GRANTED.

## I. Background[1]

This action arises from text messages the Plaintiff alleges he received from the Defendant without his consent. (Compl. ¶¶ 12-13). The Plaintiff's phone number is his "personal residential telephone number," and it has been registered on the National Do Not Call Registry ("DNC") since 2015. (*Id.* ¶¶ 8-11). The text messages were intended for someone other than the Plaintiff, and the purpose of the messages was to advertise the Defendant's flower business. (*Id.* ¶¶ 14-15). The Plaintiff **[*2]** did not give the Defendant "prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages" to his telephone number. (*Id.* ¶ 16). As a result, the Plaintiff alleges that he "suffered an invasion of privacy, an intrusion into his life, and a private nuisance." (*Id.* ¶ 18).

The Plaintiff seeks to certify a representative class as follows:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to the Defendant, (2) to whom the Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting the Defendant's goods or services, (3) where the person's residential

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. ***Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019)**.

2026 U.S. Dist. LEXIS 32415, *2

or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before the Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) who did not submit their telephone number to the Defendant, (5) within four years preceding the date of this complaint and through the date of class certification.

(*Id.* ¶ 20). The Plaintiff alleges that **[\*3]** his claims and the class members' claims originate from the same conduct, practice, and procedure of the Defendant and are based on the same theories. (*Id.* ¶¶ 28-29). The Defendant moved to dismiss the sole Count in the Plaintiff's Complaint, which alleges a violation of 47 U.S.C. § 227(c)(5) via 47 C.F.R. § 64.1200(c). (*Id.* ¶¶ 48-56); [Doc. 14]. This Motion is presently before the Court.

## II. Legal Standards

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology,*

*Inc.,* 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds **[\*4]** upon which it rests. *See Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Twombly*, 550 U.S. at 555).

## III. Discussion

The Defendant argues that the Plaintiff's claim fails for three reasons: (1) the Plaintiff is not a "residential telephone subscriber" as that phrase is defined in the TCPA; (2) even if he is, 47 U.S.C. § 227(c)(5) does not apply to text messages; and (3) the Plaintiff has not plead facts suggesting that the Defendant "willfully" or "knowingly" violated the TCPA, to support his treble damages claim. (Def.'s Mot. to Dismiss, at 4-17). It also contends that the Plaintiff fails to demonstrate an imminent threat of future harm that would justify injunctive relief. (*Id.* at 17-19). And in the alternative, the Defendant asserts that the class allegations should be dismissed because the proposed class's claim here does not involve an issue of common proof, since whether each subscriber's phone number is residential and whether individual numbers were registered on the DNC would be a member-specific, fact intensive inquiry. (*Id.* at 19-25). The Court will address each argument in turn.

## A. Whether the Plaintiff is a "Residential Telephone Subscriber" Under the TCPA

The Defendant argues that the Plaintiff's cellphone is not considered a "residential

telephone" under **[\*5]** the TCPA. In support of this argument, the Defendant notes that courts in the Eleventh Circuit previously deferred to the FCC's interpretation in determining that cellphones are residential telephones, but that the legal landscape has now changed in the wake of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024)*. (Def.'s Mot. to Dismiss, at 5-13). Under the Loper Bright decision, the Defendant argues, the Court is bound by the TCPA's language at the time it was enacted, which was not meant to cover cellphones. (*Id.* at 7-9). The Plaintiff responds that, even post Loper Bright, cellphones are considered residential telephones because the use of the phrase "residential" was simply meant to distinguish personal or household use of a telephone from business use. (Pl.'s Resp. in Opp'n to Mot. to Dismiss, at 5-7).

Under 47 U.S.C. § 227(c)(5), "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [the TCPA]" may bring an action based on such violations. The TCPA, in turn, prohibits any person or entity from initiating a telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons **[\*6]** who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). The question of whether the term "residential subscriber" included cellphone users was settled law prior to the Supreme Court's Loper Bright decision and, more recently, *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp., 606 U.S. 146, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025)*. In McLaughlin, the Supreme Court reiterated Loper Bright's holding that district courts are not bound by an agency's interpretation of a statute and instead must apply ordinary principles of statutory

interpretation while "affording appropriate respect to the agency's interpretation." *McLaughlin Chiro. Assocs., Inc., 606 U.S. at 155*. But it further held that the Hobbs Act does not preclude district courts from disagreeing with the FCC's interpretations of the TCPA. *Id. at 168* ("The District Court is not bound by the FCC's interpretation of the TCPA. The District Court should interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.").

Post-McLaughlin, courts have been left to decide whether "residential telephone subscribers" includes cellphone users. In *Isaacs v. USHealth Advisors, LLC*, Chief Judge May held that it does, relying on the definitions of subscriber and residence in the Oxford and Black's Law dictionaries. **[\*7]** 2025 U.S. Dist. LEXIS 152625, 2025 U.S. Dist. LEXIS 152625, 2025 WL 2268359, at \*2-3 (N.D.Ga. Aug. 7, 2025). Putting these definitions together, Chief Judge May concluded that "a residential subscriber is a person who uses their phone for activities associated with their private, domestic life." *2025 U.S. Dist. LEXIS 152625, [WL] at \*3*. The Court further noted that this interpretation of "residential subscriber" aligned with the TCPA's purpose of "protect[ing] residential privacy." *2025 U.S. Dist. LEXIS 152625, [WL] at \*4* ("Regardless of whether a person receives a call to their home phone or a personal cell phone, the negative impact to their residential privacy remains the same."). The result of the defendant's proposed interpretation, Chief Judge May found, was that these residential privacy interests would be tied "to an obsolete and disappearing phone technology"—a home landline. *Id.* Judge Jones found similarly in *Radvansky v. Bubolo Medical, LLC*, explaining that "the type of technology—i.e., cellular or landline—is not determinative" of the issue; instead, the plaintiff's purpose for using the phone line is.

2025 U.S. Dist. LEXIS 158564, 2025 WL 3306417, at *2 (N.D.Ga. Aug. 15, 2025) (noting that the plaintiff had alleged he used his cellphone for personal rather than business or commercial purposes). And Judge Totenberg recently came to the same conclusion in *Loudermilk v. Maelys Cosmetics USA, Inc.*, 2025 U.S. Dist. LEXIS 256097, 2025 WL 3625779, at *2-3 (N.D.Ga. Dec. 11, 2025). The Court here joins the Northern District of Georgia bench in holding that **[*8]** the term "residential telephone subscriber" includes cellphone users. As Judge Totenberg aptly stated, "[t]he reality is that most individuals today utilize cell phones as the primary, and sometimes only, telephone in their residence. If the TCPA were to only apply to a landline user but not a cell phone user, a tremendous number of individuals' privacy interests would remain unprotected." *Loudermilk*, 2025 U.S. Dist. LEXIS 256097, 2025 WL 3625779, at *3. Surely, that cannot be the result Congress intended.

Here, the Plaintiff alleged that he was the regular and sole user of the telephone number at issue prior to the time the Defendant allegedly sent the offending text messages at issue here. (Compl. ¶ 8). He also alleged that he at all times used the telephone number "as his personal residential telephone number" and that he has not used it for business or commercial purposes. (*Id.* ¶¶ 8-9). Therefore, the Court finds that the Plaintiff has properly alleged he is a residential telephone subscriber under 47 C.F.R. § 64.1200(c)(2). "As such, the fact that the solicitations to a telephone number on the do-not-call registry came to a cellular telephone does not preclude Plaintiff's claim for a violation of the TCPA." *Radvansky*, 025 U.S. Dist. LEXIS 158564, 2025 WL 3306417, at *2. Accordingly, the Defendant's Motion to Dismiss will be denied **[*9]** on this ground.

## B. Whether 47 U.S.C. § 227(c)(5) Applies to Text Messages

Next, the Defendant argues that even if the Plaintiff is considered a residential telephone subscriber under the TCPA, the text messages he received are not actionable because the TCPA applies only to telephone calls post-McLaughlin. (Def.'s Mot. to Dismiss, at 13-15). The Plaintiff asserts that nearly every court to have considered this issue has found that text messages are "telephone calls" as that term is defined under the TCPA and that this Court should follow suit. (Pl.'s Resp. in Opp'n to Mot. to Dismiss, at 7-30).

By its plain language, 47 U.S.C. § 227(c)(5) applies to "telephone call[s]," and prior to Loper Bright, it was settled law that telephone calls included text messages based on a 2003 FCC order to that effect. *See* 18 FCC Rcd. 14014, 14116 para. 165 (2003). But McLaughlin upended this issue by relying on Loper Bright to hold that "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiro. Assocs., Inc.*, 606 U.S. at 155. And in Loper Bright, the Supreme Court reiterated its precedent that "every statute's meaning is fixed at the time of enactment." *Loper Bright Enters.*, 603 U.S. at 400.

This sea change in the legal landscape has left **[*10]** district courts to decide, with fresh eyes, whether § 227(c)(5)'s reference to "telephone call[s]" also encompasses text messages. Thus far, courts have been split on the issue. The three district courts in this Circuit that have addressed the issue have each concluded that the phrase "telephone call" in § 227(c)(5) does not include text messages, and this Court will follow suit. *See Radvansky v. Kendo Holdings, Inc.*, 3:23-cv-

00214-LLM, slip op. at 3-7 (N.D.Ga. Feb. 12, 2026); *Sayed v. Naturopathica Holistic Health, Inc.*, 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759, at *2 (M.D.Fla. Oct. 24, 2025); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272-73 (N.D. Fla. 2025).

Statutory interpretation must "start with the text"—and, if the text is clear, the analysis "end[s] there as well." *Young v. Grand Canyon Univ., Inc.*, 980 F.3d 814, 818-19 (11th Cir. 2020). The statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages. As one district court noted, "in common American English usage, a telephone call and a text message are separate and distinct forms of communication." *Sayed*, 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759, at *2. True, the meaning of these terms should be considered as they were understood at the time the TCPA was enacted, prior to the invention of text messages. *See Loper Bright Enters.*, 603 U.S. at 400. But "[w]here the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998). And as Judge May aptly pointed out, Congress has amended the TCPA as recently **[*11]** as 2019 to add the phrase "text message" in a neighboring provision, § 227(e)(8)(C), and chose to leave § 227(c)(5) unamended. *Radvansky*, 3:23-cv-00214-LLM, slip op. at 6. This distinction leads the Court to presume that Congress intended § 227(c)(5) to encompass only telephone calls because "when a statute uses one term in one place and a distinct term elsewhere, the difference matters—that is, the distinct words have different meanings." *Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigr. Servs.*, 143 F.4th 1331, 1344 (11th Cir. 2025) (citation modified).

This same concept defeats the Plaintiff's argument that elsewhere in the TCPA, "telephone solicitations" refers to both calls and text messages, so "telephone call" in § 227(c)(5) must refer to both, too. *See, e.g.*, 47 U.S.C. § 227(c)(1). But construing these distinct phrases identically would render superfluous the different terms Congress chose to use in each subsection, a result which would violate the canon against surplusage. *Sunshine State Reg'l Ctr.*, 143 F.4th at 1343 ("The canon against surplusage means we read statutes in a way that if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (citation modified)). Likewise, "Congress's use of the phrase 'telephone call or message' in a neighboring provision only undermines [the plaintiff's] position" because "[i]t shows that Congress does not use the term 'telephone call' to encompass **[*12]** all 'messages.'" *Davis*, 797 F. Supp. 3d at 1274.

The Plaintiff relies on the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) and a host of other either pre-McLaughlin or wholly irrelevant decisions in support of his position that text messages qualify as telephone calls under § 227(c)(5). As the Davis court noted, the Supreme Court assumed but did not actually decide that issue in Campbell-Ewald and did not address the "telephone call" language at issue in § 227(c)(5) but the broader prohibition on "any call" in § 227(b)(1)(A)(iii). *Campbell-Ewald*, 577 U.S. at 156. The Plaintiff's reliance on *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023) is entirely misplaced because that case addressed only whether an unwanted text message was sufficiently injurious to confer Article III standing, again in the context of § 227(b)(1)(A)(iii). *Drazen, 74 F.4th at 1345*. Likewise, *Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303 (11th Cir. 2025) is irrelevant because it dealt with interpreting "prior express

consent" in § 227(b)(1).

The Plaintiff's last argument urges the Court to rely on the 2003 FCC order concluding that text messages constitute telephone calls under the TCPA, asserting that Loper Bright permits such reliance because Congress expressly delegated to the FCC the authority "to give meaning to a particular statutory term" in this case and to "fill up the details of [the] statutory scheme." *See Loper Bright, 603 U.S. at 395* (citation modified). As one district court noted, this delegation did not authorize the FCC to determine that "telephone call" **[\*13]** includes text messages:

> That would not be "filling up the details." Determining whether "telephone call" in § 227(c)(5) includes text messages would likely more than double the number of private causes of action authorized by the TCPA. Doubling the scope of the provision is not "filling up the details." In actuality, § 227(c)(1)(E) may run afoul of the nondelegation doctrine, since there are no delimitations on the discretion it grants the Commission we [thus] reject Plaintiff's request that we use § 227(c)(1)(E) to resurrect *Chevron* out of the grave. § 227(c)(1)(E) does not require this Court to defer to the Commission's interpretation of § 227(c)(5). And we remind Plaintiff that "agencies have no special competence in resolving statutory ambiguities. Courts do." *Loper Bright,* 603 U.S. at 373.

*McGonigle v. Pure Green Franchise Corp.,* 2026 U.S. Dist. LEXIS 8059, 2026 WL 111338, at \*2 (S.D.Fla. Jan. 15, 2026).

Finally, the Court is not persuaded by the several district court decisions the Plaintiff provides concluding that "telephone call" in § 227(c)(5) does include text messages because the reasoning underlying these decisions is inherently flawed. For example, in *Alvarez v.*

*Fiesta Nissan, Inc.,* 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026), the district court acknowledged that "no ordinary person would use the word 'telephone call' to refer to a text message" before concluding that "a usage which seems obvious now is not always a reflection of the original meaning of the statute," **[\*14]** even though text messages did not yet exist when the statute was originally enacted. *Alvarez,* 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930, at \*4. In *Wilson v. MEDVIDI Inc.,* 2025 U.S. Dist. LEXIS 198827, 2025 WL 2856295, (N.D. Cal. Oct. 7, 2025), the district court reached beyond the statute's plain text to find support for its conclusion in a 2024 edition of Black's Law dictionary, which defies both the first rule of statutory interpretation and Loper Bright's instruction that a statute's meaning is fixed at the time of enactment. *Wilson,* 2025 U.S. Dist. LEXIS 198827, 2025 WL 2856295, at \*2; *Young,* 980 F.3d at 818-19; *Loper Bright Enters.,* 603 U.S. at 400. And in *Mujahid v. Newity, LLC,* 2025 U.S. Dist. LEXIS 221088, 2025 WL 3140725 (N.D. Ill. Nov. 10, 2025), the district court's conclusion that "interpreting § 227(c) to include text messages is consistent with the text of § 227 as a whole" ignores the meaningful-variation canon—the idea that Congress must have intended distinct words in a statute to have different meanings. *Mujahid,* 2025 U.S. Dist. LEXIS 221088, 2025 WL 3140725, at \*2; *Sunshine State Reg'l Ctr., Inc.,* 143 F.4th at 1344. *Wilson v. Better Mortg. Corp.,* 2025 U.S. Dist. LEXIS 251694, 2025 WL 3493815 (S.D.NY Dec. 5, 2025) applied similarly faulty reasoning.

For all of these reasons, the Court agrees with the decisions in this Circuit concluding that the phrase "telephone call" in 47 U.S.C. § 227(c)(5) does not encompass text messages. Because the Plaintiff pled only that the Defendant violated 47 U.S.C. § 227(c)(5) through sending text messages in violation of 47 C.F.R. § 64.1200(c), his claim fails as a

matter of law. As a result, his class allegations likewise fail. Accordingly, the Court will grant the Defendant's Motion to Dismiss [Doc. 14].

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss [Doc. 14] **[*15]** is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant and to close the case.

SO ORDERED, this 17th day of February, 2026.

/s/ Thomas W. Thrash, Jr.

THOMAS W. THRASH, JR.

United States District Judge

---

**End of Document**

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ETHAN RADVANSKY, *on behalf of himself and others similarly situated,* | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:23-cv-00214-LMM |
| | : | |
| KENDO HOLDINGS, INC., *doing business as* Fenty Beauty, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case comes before the Court on Defendant's Motion for Judgment on the Pleadings [43]. After due consideration, this Court enters the following Order.

### I.    BACKGROUND

This action arises from telemarketing text messages Defendant sent to Plaintiff. Dkt. No. [1]. Plaintiff owns a cell phone, which he uses for personal purposes and not for a business. Id. ¶¶ 11–13. Plaintiff registered his cell phone number on the national do-not-call registry on April 18, 2023. Id. ¶ 14. Since that date, Plaintiff has received at least seventeen text messages from Defendant, which advertised and marketed Defendant's business. Id. ¶¶ 15–19. Plaintiff brings this suit as a putative class action, alleging that Defendant violated the

Telephone Consumer Protection Act ("TCPA") by sending him text messages after he registered with the national do-not-call registry. Id. ¶¶ 52–60. Defendant now moves for judgment on the pleadings. Dkt. No. [43].

## II.    LEGAL STANDARD

After the pleadings are closed, but early enough not to delay trial, a party may file a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(c), (h)(2)(B). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998); accord Cunningham v. Dist. Atty's. Off. for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010); Andrx Pharms., Inc. v. Elan Corp., 421 F.3d 1227, 1232-33 (11th Cir. 2005).

A Rule 12(c) "'motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.'" WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1357 (N.D. Ga. 2007) (quoting Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994)); see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (stating that the standard under Rule 12(b)(6) and Rule 12(c) is the same).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its

face when the plaintiff pleads factual content necessary for the court to draw the

reasonable inference that the defendant is liable for the conduct alleged. Id.

(citing Twombly, 550 U.S. at 556). While this pleading standard does not require

"detailed factual allegations," the Supreme Court has held that "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will

not do." Id. (quoting Twombly, 550 at 555).

At the motion to dismiss stage, "'all well-pleaded facts are accepted as true,

and the reasonable inferences therefrom are construed in the light most favorable

to the plaintiff.'" FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296

(11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261

(11th Cir. 2006)). However, this principle does not apply to legal conclusions set

forth in the complaint. Iqbal, 556 U.S. at 678. Nor will the Court "accept as true a

legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## III.    DISCUSSION

Defendant moves for judgment on the pleadings, arguing that Plaintiff's

sole claim fails for two separate and independent reasons. Dkt. No. [43-1]. First,

Defendant argues that Plaintiff cannot bring suit under 47 U.S.C. § 227(c)

because that provision does not apply to cell phone users. Id. at 13–14. Second,

Defendant argues that Section 227(c)(5) applies only to phone calls and not text

messages. Id. at 14–15. Plaintiff opposes each of these arguments. Dkt. No. [46].

However, as explained below, the Court agrees with Defendant that Section

227(c)(5) does not apply to text messages, so the Court need not address

Defendant's separate argument.

As an initial matter, the Court notes that the Supreme Court's decision in

McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146 (2025), is

informative in interpreting the TCPA. In McLaughlin, the Supreme Court held

that the Hobbs Act does not preclude district courts from disagreeing with the

FCC's interpretations of the TCPA. McLaughlin, 146 U.S. at 162. Thus, in light of

McLaughlin, this Court must independently—and without deference to the FCC's

decision—evaluate Defendant's argument that the term "telephone call" excludes

text messages.

The Court begins its analysis with the "plain language of the provision to be

interpreted." Pugliese v. Pukka Dev., Inc., 550 F.3d 1299, 1303 (11th Cir. 2008)

(citation modified). If the Court finds the text to be clear, then the analysis ends

there too. See Young v. Grand Canyon Univ., Inc., 980 F.3d 814, 819 (11th Cir.

2020). Here, Section 227(c)(5) creates a private right of action if a person

"received more than one telephone call" in violation of the TCPA. 47 U.S.C. §

227(c)(5). As the only other district courts in the Eleventh Circuit to substantively

take up this question have noted, "the statutory text here is clear, and a text

4

message is not a 'telephone call.'"[1] See Davis v. CVS Pharmacy, Inc., 797 F. Supp.

3d 1270, 1273 (N.D. Fla. 2025) (citation modified); Sayed v. Naturopathica

Holistic Health, Inc., No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2

(M.D. Fla. Oct. 24, 2025) (quoting id.). While the analysis can end here, Plaintiff

argues against this conclusion for four reasons, which the Court will address in

turn.

First, Plaintiff argues that Section 227(c) regulates "telephone

solicitations," which includes text messages. Dkt. No. [46] at 19–20. It is true that

Section 227(c)(1) uses the term "telephone solicitations," which is defined to

include "messages," but Section 227(c)(5)—the specific provision under which

Plaintiff pursues a private right of action here—refers solely to "telephone calls."

See 47 U.S.C. § 227(a)(4), (c)(1); cf. 47 U.S.C. § 227(c)(5). Thus, Congress's

decision to use a different term "in a neighboring provision only undermines

---

[1] After the parties' briefing, Plaintiff filed several notices of supplemental authority to support its position. See Dkt. Nos. [47, 48, 50, 52, 53, 55, 56]. But none of the authority is binding on this Court and only one case comes from a district court in the Eleventh Circuit. See Dkt. No. [47] ¶ 4 (citing Bosley v. A Bradley Hosp. LLC, No. 25-CV-22336, 2025 WL 2686984, at *5 (S.D. Fla. Sept. 19, 2025). And in Bosley, the court did not substantively address the question because it appears the parties in that case did not dispute whether a text message constitutes a "call" under the TCPA. 2025 WL 2686984, at *5. Moreover, the cases that court cited to support its proposition were all issued before the Supreme Court's McLaughlin decision. See id. (collecting cases). Regardless, this Court is not bound by that decision.

[Plaintiff's] position" because "[i]t shows that Congress does not use the term 'telephone call' to encompass all 'messages.'" <u>Davis</u>, 797 F. Supp. 3d at 1274.

Second, Plaintiff argues that Section 227(c)(5) does not use the term "text message" because the TCPA was enacted before the first text message was sent. Dkt. No. [46] at 20–21. However, Congress has since amended the TCPA and specifically uses the term "text message" in a neighboring provision. <u>See</u> 47 U.S.C. § 227(e)(8)(C). Thus, "when Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." <u>Fernandez v. Seaboard Marine LTD.</u>, 135 F.4th 939, 958 (11th Cir. 2025).

Third, Plaintiff cites the Supreme Court's decision in <u>Campbell-Ewald Co. v. Gomez</u>, 577 U.S. 153 (2016), to support the proposition that a text message is included in the contemporary definition of the word "call."[2] Dkt. No. [46] at 21–22. However, in that case the Supreme Court "assumed, but did not decide," whether a text message falls into a broader prohibition of "any call" because it was not disputed.[3] <u>Davis</u>, 797 F.Supp.3d at 1273; <u>see</u> <u>Campbell-Ewald</u>, 577 U.S. at

---

[2] Additionally, the Court is not persuaded by Plaintiff's request to adopt what he describes as the Ninth Circuit's approach in a case decided prior to <u>McLaughlin</u>. Dkt. No. [46] at 8, 21 (citing <u>Satterfield v. Simon & Schuster, Inc.</u>, 569 F.3d 946, 953–54 & n.3 (9th Cir. 2009). Plaintiff identifies no such precedent in the Eleventh Circuit, and the Court finds none.

[3] Plaintiff appears to dispute whether the Supreme Court's language in <u>Campbell-Ewald</u> is dicta. Dkt. No. [46] at 24, n.15. Regardless, that case discussed the term "any call" in Section 227(b)(1)(A)(iii) rather than "telephone call" in Section

6

156. Thus, the Supreme Court's prior decisions provide no "binding interpretation of the statutory term 'telephone call' at issue here." <u>Davis</u>, 797 F. Supp. 3d at 1273.

Finally, Plaintiff argues that a neighboring provision uses the term "call" to include prohibited transmission to a paging device as well as a telephone, which Plaintiff argues necessarily encompasses text transmissions. Dkt. No. [46] at 22–23 (citing 47 U.S.C. § 227(b)(1)(A)). Nevertheless, this provision refers to "any call" from "any automatic telephone dialing system" while Section 227(c)(5) refers specifically to a "telephone call." Thus, the Court is not persuaded that other terms in neighboring provisions encompassing other technology alter the plain reading of a "telephone call." Therefore, because the Court finds that text messages do not fall within the term "telephone call" under Section 227(c)(5), Plaintiff's claim fails as a matter of law.

## IV.    CONCLUSION

In accordance with the foregoing, Defendant's Motion for Judgment on the Pleadings [43] is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** this case.

---

227(c)(5). <u>Campbell-Ewald</u>, 577 U.S. at 156. And Plaintiff provides no binding support for his requested interpretation of Section 227(c)(5).

**IT IS SO ORDERED** this 12th day of February, 2026.

Leigh Martin May
**Chief United States District Judge**

# EXHIBIT 3

# Lopresti v. Nouveau Essentials Mktg. LLC

United States District Court for the Middle District of Florida, Ocala Division

February 26, 2026, Decided; February 26, 2026, Filed

Case No.: 5:25-cv-00282-CEM-PRL

**Reporter**

2026 U.S. Dist. LEXIS 39599 *; 2026 LX 54591

MICHAEL LOPRESTI, individually and on behalf of all others similarly situated. Plaintiff, v. NOUVEAU ESSENTIALS MARKETING LLC, Defendant,

**Prior History:** Lopresti v. Nouveau Essentials Mktg. LLC, 2025 U.S. Dist. LEXIS 205041, 2025 WL 3259431 (Oct. 17, 2025)

**Counsel:** [*1] For Michael Lopresti, individually and on behalf of all others similarly situated, Plaintiff: Christopher Gold, LEAD ATTORNEY, Gold Law, PA, Miami Beach, FL.

For Nouveau Essentials Marketing LLC, Defendant: Carl Taylor Smith, Joseph Paul Bowser, LEAD ATTORNEYS, Roth Jackson Gibbons Condlin, PLC, Richmond, VA.

**Judges:** PHILIP R. LAMMENS, United States Magistrate Judge.

**Opinion by:** PHILIP R. LAMMENS

# Opinion

## REPORT AND RECOMMENDATION[1]

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Upon referral, this case is before the Court on Defendant Nouveau Essentials Marketing LLC's motion for judgment on the pleadings under Rule 12(c). (Doc. 30). Plaintiff has responded in opposition to the motion and both parties have been given an opportunity to extensively brief the issues. In addition to the motion and response (Doc. 30 & 40), the parties have also filed numerous replies and notices of supplemental authority that have been carefully considered by the undersigned. (Docs. 47, 48, 50, 56, 59, 60 & 61). For the reasons explained below, I submit that Defendant's motion is due to be granted.

## I. BACKGROUND

Plaintiff initiated this putative class action against Defendant Nouveau Essentials Marketing LLC, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. Plaintiff alleges that "Defendant engaged in a pattern [*2] of unlawful Telemarketing" by targeting Plaintiff and the proposed class with "with unsolicited texts, causing widespread annoyance and harm," including using an automatic telephone dialing system, and by contacting numbers registered in the National Do Not Call Registry. (Doc. 1 at 2).

Specifically, in the complaint, Plaintiff alleges that "the TCPA applies equally to unsolicited text messages, which cause identical privacy harms as calls." (Doc. 1 at 4). Plaintiff alleges that Defendant initiated at least two "unlawful

texts" that were sent to Plaintiff. (Doc. 1 at 7-9). Indeed, Plaintiff's complaint is based upon the allegation that Defendant "initiated texts," rather than traditional telephone calls to Plaintiff. (Doc. 1 at ¶¶ 47, 60). Based on the same set of text messages, Plaintiff alleges claims under both § 227(b) and § 227(c)(5).

## II. LEGAL STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In evaluating the sufficiency of a complaint, courts in the Eleventh Circuit apply the same pleading standard for Rule 12(c) motions as they do for Rule 12(b)(6) motions. *See Losey v. Nail*, 521 Fed. Appx. 717, 719 (11th Cir. 2013) (*per curiam*) (reviewing the grant of a motion for judgment on **[*3]** the pleadings and applying the motion to dismiss standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Iqbal")); *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015) ("The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6)."), *aff'd*, 648 F. App'x 962 (11th Cir. 2016) (*per curiam*).

Thus, a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Twombly"). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion for judgment on the

pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In considering a motion for judgment on the pleadings, the court must eliminate any allegations that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion for judgment on the pleadings, **[*4]** "unwarranted deductions of fact are not admitted as true." *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (citation and quotation marks omitted).

As with a motion to dismiss, in deciding whether to grant a Rule 12(c) motion, courts "must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff[ ]." *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006); see also *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("The plaintiff's factual allegations are accepted as true.").

## III. DISCUSSION

The issue raised by Defendant's motion for judgment on the pleadings is whether text messages fall within the TCPA's private rights of action in 47 U.S.C. § 227(b) and § 227(c). Plaintiff contends that they do, while Defendant contends that they do not. For the reasons explained below, I submit that that the claims alleged by Plaintiff do not fall within the TCPA's private rights of action and that Defendant's motion for judgment on the pleadings is due to be granted.

A. Relevant Provisions of the TCPA

Plaintiff has alleged claims under both § 227(b) and § 227(c). Section 227(b) is titled "Restrictions on use of automated telephone equipment." 47 U.S.C. § 227(b). It prohibits making "any call ... using any automatic telephone dialing system or an artificial or prerecorded voice" to certain types of phone numbers, including those assigned to a "cellular telephone service." *Id.* § 227(b)(1)(A). It bars initiating **[*5]** "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message." *Id.* § 227(b)(1)(B). It also prohibits sending an "unsolicited advertisement" between "any telephone facsimile machine[s]." *Id.* § 227(b)(1)(C). These prohibitions do not apply to calls made under certain circumstances, such as in emergencies, with the recipient's prior express consent, and where an established business relationship exists. *Id.* § 227(b)(1)(A)-(C). Section 227(b) directed the Federal Communications Commission ("FCC") to issue implementing regulations, *Id.* § 227(b)(2), and created a private right of action for violations of the provision or such regulations, *Id.* § 227(b)(3).

Unlike § 227(b), which focuses on restricting the use of automatic telephone equipment, § 227(c) is more broadly titled "Protection of subscriber privacy rights." *Id.* § 227(c). It directed the FCC to conduct a rulemaking proceeding "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." *Id.* § 227(c)(1). "Telephone solicitation" is defined throughout § 227 as the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to **[*6]** any person," subject to certain exceptions. *Id.* § 227(a)(4). Section 227(c) also authorized, but did not require, the FCC to issue regulations to "require the establishment and operation of a single national database" of residential telephone numbers of persons who did not want to receive telephone solicitations. *Id.* § 227(c)(3). Section 227(c) also created a private right of action for any person who receives "more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the regulations prescribed under this provision. *Id.* § 227(c)(5).

The FCC issued regulations under § 227(c) establishing the Do Not Call Registry ("DNCR"). These regulations prohibit any "person or entity" from initiating "any telephone solicitation" to a "residential telephone subscriber" who has registered his or her number on the DNCR. 47 C.F.R. § 64.1200(c)(2).

## B. Plaintiff's Allegations

It is significant in this case that Plaintiff has only alleged solicitation via text messages, not solicitation via telephone calls. Defendant's motion asserts that no private cause of action for the text messages exists under either § 227(b) or § 227(c). Meanwhile, Plaintiff contends that, under the TCPA's plain text, ordinary meaning, and judicial interpretation, text messages qualify as "calls" **[*7]** and "telephone calls" under § 227(b) and § 227(c). Plaintiff argues that Defendant's motion would require this Court to adopt an "ultra-restrictive interpretation." (Doc. 60 at 5).

## C. The Parties' Arguments

To be sure, both parties have cited a plethora of case law in support of their respective positions. For example, Plaintiff relies upon *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA]") and *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023) ((Through its enactment of the TCPA, Congress "targeted unwanted text messages

(as well as unwanted phone messages).").

To summarize Plaintiff's argument, Plaintiff contends that Eleventh Circuit precedent in *Drazen* and *Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303 (11th Cir. 2025) reflects the "understanding" that both calls and texts are covered by the TCPA. (Doc. 60 at 2). Plaintiff also contends that the Supreme Court's 2024 decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024) does not call into question this "understanding."[2] Plaintiff cites numerous recent district court decisions supporting his position, including many from outside the Eleventh Circuit.[3] Indeed, numerous courts have adopted Plaintiff's argument. *See, e.g., Wilson v. Better Mortg. Corp.*, No. 25cv5503 (PAE), 2025 U.S. Dist. LEXIS 251694, 2025 WL 3493815, at *12 (S.D.N.Y. Dec. 5, 2025).

Meanwhile, Defendant likewise cites authority supporting its position, including most noteworthily **[*8]** this Court's recent decision in *El Sayed v. Naturopathica Holistic Health, Inc.*,

No. 8:25-CV-00846-SDM-CPT,[4] 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). In *El Sayed*, this Court considered whether one or more unsolicited promotional text messages sent to the plaintiff supported a private cause of action under 47 U.S.C. § 227(c)(5). Judge Merryday succinctly summarized the current state of the law and held:

> Although some judges differ, I agree with and adopt Judge Winser's opinion that "the statutory text here is clear, and a text message is not a 'telephone call.'"

*2025 U.S. Dist. LEXIS 209469*, [WL] at *2 (*citing Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272 (N.D. Fla. 2025)).

To be sure, in *Davis*, Judge Winsor began by addressing the Court's decision in *Campbell-Ewald* and the Eleventh Circuit's decision in *Drazen*, and explained that neither decided that text messages are calls under the TCPA. *Davis*, 797 F. Supp. at 1273 (noting in *Campbell-Ewald* that "the Court assumed, but did not decide" the issue of whether a text message is a call under the TCPA, and that *Drazen* "did not interpret the statute at all; it addressed whether an unwanted text message constituted a sufficient injury to confer Article III standing," an issue it had to address before considering the merits.). Thus, in *Davis*, the court found that neither case controlled the issue.

In *El Sayed*, Judge Merryday, getting to the heart of the statutory interpretation issue, reasoned that, "in common American English usage, **[*9]** a 'telephone call' and a 'text message' are separate and distinct forms of communication" and noted that the term 'text

---

[2] In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 399, 407, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024), the Supreme Court overturned *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 840, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), describing it as a "fundamentally misguided" doctrine that "demands that courts mechanically afford binding deference to agency interpretations[.]"

[3] Plaintiff argues, "District courts have reached the same conclusion post *Loper Bright*, including as recently as February 13, 2026. In *Alvarez*, the court held: "considering the ordinary language of the statute, the Court finds that 'telephone calls' in the context of § 227(c)(5) include text messages." 2026 U.S. Dist. LEXIS 14155 at *1 (S.D. Tex. Jan. 26, 2026); *see also Hernandez*, 2026 U.S. Dist. LEXIS 23208, at *3 (N.D. Ill. Feb. 4, 2026) ("The Court thus declines to hold that the TCPA does not apply to text messages."); *McGonigle v. Shopperschoice.Com, LLC*, 2026 U.S. Dist. LEXIS 30157, at *13 (M.D. La. Feb. 13, 2026) ("Considering the foregoing, the Court finds that Subsection 227(c)(5) applies to cell phone text messages.). These decisions reflect the common-sense understanding that text messages are a modern method of calling—initiating communication through a telephone— exactly as Congress sought to regulate under the TCPA."

---

[4] Due to an apparent scrivener's error, the case number of the *El Sayed* decision appears incorrectly in Westlaw as Case No. 8:25-CV-847-SDM-CPT. The accurate case number is 8:25-CV-846-SDM-CPT. Herein, the correct case number is cited.

message' appears elsewhere in the TCPA and related amendments. *Id.* Judge Merryday concluded Congress "understood the pertinent distinction and legislated mindful of the distinction." *Id.*, citing Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P, § 503(a) (codified at 47 U.S.C. §§ 227(e)(8)(A)-(B)) (distinguishing between "a call made using a voice service" and "a text message sent using a text messaging service"). Judge Merryday also concluded "[t]he omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'" *Id.*

Defendant contends that Plaintiff's argument relies on both outdated and poorly decided cases. Defendant argues:

> Plaintiff cites several recent non-binding cases that err in holding that in 1991, Congress—unlike any American ever using these terms—used "text message" and "telephone call" interchangeably in the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This Court should not follow these poorly decided cases, but instead should follow its recent decision in *El Sayed v. Naturopathica Holistic Health, Inc.*, CASE NO. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, at *3 (M.D. Fla. Oct. 24, 2025).

(Doc. 59 at 2).

Defendant also cites *Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303, 313 (11th Cir. 2025) (rejecting the FCC's argument that an order is good policy and is therefore necessarily lawful) as a recent example of the Eleventh Circuit overturning "TCPA **[*10]** overreach." Defendant contends, "[a] text message is not, and never was, a phone call." (Doc. 59 at 6).

Defendant's argument is also supported by cases such as *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1275-76 (N.D. Fla.

2025) ("[plaintiff] had to allege that he received at least two 'telephone calls.' He alleged receiving only text messages. And because text messages are not telephone calls, he has not stated a claim."), and *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415, 2026 WL 456919, at *5 (N.D. Ga. Feb. 17, 2026) ("the Court agrees with the decisions in this Circuit concluding that the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages.).

Indeed, just days ago, the Radvansky court in the Northern District of Georgia, summarized the current state of the law, observing the impact of *Loper Bright*:

> This sea change in the legal landscape has left district courts to decide, with fresh eyes, whether § 227(c)(5)'s reference to "telephone call[s]" also encompasses text messages. Thus far, courts have been split on the issue.

2026 WL 456919, at *3.

D. Analysis

For the purposes of analyzing Defendant's motion for judgment on the pleadings, the undersigned finds Judge Merryday's decision in *El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759, both analogous and persuasive. Moreover, unlike many of the cases cited by Plaintiff, *El Sayed* represents this Court's informed analysis of the relevant issues post-*Loper Bright*. As Judge Merryday **[*11]** reasoned, the voice call provisions of the TCPA were only extended to text messages through the rulemaking authority of the FCC. *Id.* at 2. As this Court observed, "'district courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation.'" *Id, citing McLaughlin*

2026 U.S. Dist. LEXIS 39599, *11

*Chiropractic Associates, Inc. v. McKesson Corporation,* 606 U.S. 146, 168, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025).

Judge Merryday applied those principles in the *El Sayed* case and concluded that paragraph 227(c)(5) applies only to a "telephone call." *El Sayed v. Naturopathica Holistic Health, Inc.,* No. 8:25-CV-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). Having reviewed the complaint in both this case and the amended complaint in the *El Sayed* case (*See* Case No. 8:25-CV-00846-SDM-CPT, Doc. 9, 2025 U.S. Dist. LEXIS 209469), I find the claims alleged here indistinguishable from those alleged by the plaintiff in *El Sayed.* Similar to what is alleged here, the plaintiff in *El Sayed* alleged "Defendants caused multiple text messages to be transmitted to Plaintiff's cellular telephone number." *See* Case No. 8:25-CV-00846-SDMCPT, Doc. 9 at 2, 2025 U.S. Dist. LEXIS 209469). Like the Plaintiff here, the *El Sayed* plaintiff alleged only unsolicited text messages, rather than traditional telephone calls. Further, for the purpose of this analysis, there appears to be no reason to distinguish the § 227(c) claims from the paragraph §227(b) claims as they are part of the same statutory framework. I therefore submit **[*12]** that the Court's reasoning in *El Sayed* also applies to the § 227(b) claim alleged in this case.

For clarification, the undersigned acknowledges that this recommendation differs from this Court's prior ruling on Defendant's motion to dismiss on the related issue of standing. That motion to dismiss was presented as a secondary alternative argument at the conclusion of Defendant's motion to compel arbitration. (Doc. 17). The undersigned's subsequent Report and Recommendation (Doc. 26) recommending denial of Defendant's motions was entered on October 17, 2025, and as no objections were made by either party, adopted by the district judge. (Doc. 35). In preparing the earlier Report and Recommendation (Doc. 26), the undersigned (and indeed the parties as well) lacked the benefit of this Court's decision in *El Sayed v. Naturopathica Holistic Health, Inc.,* No. 8:25-CV-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025), as that decision was entered one week later. As stated above, the undersigned's recommendation here represents this Court's more informed analysis of the relevant issues post-*Loper Bright.*

The undersigned submits that Defendant is entitled to judgment on the pleadings because Plaintiff lacks a private right of action under § 227(b) and § 227(c) for the text messages alleged in the complaint.

## IV. RECOMMENDATION

 **[*13]** Accordingly, upon due consideration, it is respectfully recommended that Defendant Nouveau Essentials Marketing LLC's motion to for judgment on the pleadings (Doc. 30) be granted.

**Recommended** in Ocala, Florida on February 26, 2026.

/s/ Philip R. Lammens

PHILIP R. LAMMENS

United States Magistrate Judge

---

**End of Document**

# EXHIBIT 4

# Stockdale v. Skymount Prop. Grp., LLC

United States District Court for the Northern District of Ohio, Eastern Division

March 3, 2026, Decided; March 3, 2026, Filed

CASE NO. 1:25 CV 1282

**Reporter**

2026 U.S. Dist. LEXIS 42954 *; 2026 LX 71251; 2026 WL 591842

Kristi Stockdale, on behalf of herself and all others similarly situated, Plaintiff, vs. Skymount Property Group, LLC, et al., Defendants.

**Counsel:** [*1] For Kristi Stockdale, On behalf of herself and all others similarly situated, Plaintiff: Bryan A. Giribaldo, PRO HAC VICE, Alexander D. Kruzyk, Pardell, Kruzyk & Giribaldo - Austin, Austin, TX.

For Skymount Property Group, LLC, Skymount Realty, LLC, doing business as, Skymount Buys Houses, Defendants: Matthew B. Peters, LEAD ATTORNEY, Watstein Terepka, Atlanta, GA; Keith Dye, Ryan D. Watstein, Watstein Terepka - Atlanta, Atlanta, GA.

**Judges:** PATRICIA A. GAUGHAN, United States District Judge.

**Opinion by:** PATRICIA A. GAUGHAN

## Opinion

### Memorandum of Opinion and Order

### INTRODUCTION

This matter is before the Court upon defendant Skymount Property Group, LLC and defendant Skymount Realty, LLC's Motion to Dismiss. (Doc. 9.) This is a Telephone Consumer Protection Act case. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

### FACTS

For purposes of ruling on the pending motion to dismiss, all well-plead factual allegations in plaintiff's Complaint (Doc. 1) are presumed true. In 2017, plaintiff Kristi Stockdale ("Stockdale") registered her cellular telephone number with the National Do-Not-Call Registry ("DNC Registry"). Despite her number's continued presence on the DNC Registry, defendant Skymount Property Group, LLC and defendant Skymount Realty, [*2] LLC (together, "Defendants") began texting Stockdale's cellular telephone number in February 2022, through the present. In these text messages, Defendants solicited Stockdale to sell her house.

Stockdale filed her Complaint on June 20, 2025, alleging that Defendants' texts to her violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5). In response, Defendants move to dismiss Stockdale's Complaint, contending that Stockdale has failed to state a cognizable claim under the TCPA, Section 227(c). Stockdale opposes the motion.[1]

---

[1] Defendants timely filed a reply brief in support of their motion to dismiss. Stockdale filed a motion to strike this reply (Doc. 20), arguing it both failed to adhere to the Local Rules and raised new arguments. Because this Court did not rely on anything raised in Defendants' reply brief that was not also raised in the motion to dismiss or Stockdale's opposition brief, Plaintiff's Motion to Strike Defendant's[sic] Reply Brief in Support of Defendants' Motion to Dismiss is DENIED as moot.

2026 U.S. Dist. LEXIS 42954, *2

## STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 335 F. App'x 587, 588 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). That said, the complaint must set forth "more than the bare assertion of legal conclusions." *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The Court is not required to accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the **[\*3]** right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly,* 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal, 556 U.S. at 678* (citing *Twombly,* 550 U.S. at 555). A complaint that merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

## ANALYSIS

Defendants' motion to dismiss primarily turns on whether 47 U.S.C. § 227(c)(5)'s plain language limiting liability to "telephone call," includes text messages.[2] Courts around the country are split as to the outcome of this issue, in light of the Supreme Court's recent decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024) and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.,* 606 U.S. 146, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025), which redefined how courts consider agency guidance when interpreting statutes.[3] Without any clear guidance from either the Sixth Circuit or the Supreme Court, this Court joins several others in holding that the term "telephone call" as used in Section 227(c)(5) of the TCPA does not encompass "text messages."

Congress enacted the TCPA in 1991. The TCPA imposes restrictions on telephone solicitations. Under Section 227(b)(1)(A), for example, it is prohibited "to make any call" using an "automatic telephone dialing **[\*4]** system" to "any emergency telephone line."

---

[2] Because this Court finds that Section 227(c)(5)'s plain language does not extend liability to text messages, this Court need not address Defendants' alternative argument that, even if text messages were actionable under Section 227(c)(5), Defendants' text messages were not "telephone solicitations."

[3] *Compare, e.g., Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025) ("[U]nder a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages."), *with Mujahid v. Newity, LLC,* 2025 U.S. Dist. LEXIS 221088, 2025 WL 3140725, at *2 (N.D. Ill. Nov. 10, 2025) ("The Court finds that the phrase 'telephone call,' as used in § 227(c), encompasses 'text messages' . . . . [I]nterpreting § 227(c) to include text messages is supported by the statute's plain language."). Since Defendants' Motion to Dismiss became ripe in the beginning of December, both parties have provided this Court with several supplemental cases supporting their respective interpretations. (*See* Docs. 22-27.)

2026 U.S. Dist. LEXIS 42954, *4

Under Section 227(b)(1)(B), it is prohibited "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." And under Section 227(c)(5), relevant here, the TCPA provides a private right of action for a person to seek damages if she has "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." The TCPA authorizes the Federal Communications Commission ("FCC") to "prescribe regulations to implement methods and procedures for protecting the privacy rights" set forth in the TCPA. 47 U.S.C. § 227(c)(2). Relevant to Section 227(c)(5), the FCC promulgated 47 C.F.R. § 64.1200(c)(2) which states that "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

The TCPA does not define "telephone call" as used in Section 227(c)(5). Accordingly, recent Supreme Court precedent dictates that this Court must **[*5]** independently—and without any special deference to an agency interpretation—determine the statute's meaning. McLaughlin, 606 U.S. at 155 ("District courts are not bound by the [FCC's] interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." (citing Loper Bright, 603 U.S. at 402)).[4]

The Court starts with the plain meaning of "telephone call" at the time Congress enacted the TCPA. See Jimenez v. Quarterman, 555 U.S. 113, 118, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009) ("As with any question of statutory interpretation, our analysis begins with the plain language of the statute."). In 1990, Webster's Dictionary defined the noun "call" as "the act of calling on the telephone" and "telephone" as "an instrument for reproducing sounds at a distance . . . "one in which sound is converted into electrical impulses for transmission by wire." Merriam-Webster New Collegiate Dictionary (9th ed. 1990). Loper Bright, 603 U.S. at 400 ("[E]very statute's meaning is fixed at the time of enactment." (quoting Wis. Cent. Ltd. v. United States, 585 U.S. 274, 284, 138 S. Ct. 2067, 201 L. Ed. 2d 490 (2018) (emphasis deleted))).[5] Under these

_____

than the issue before this Court. (Id. (citing Seven Cty. Infrastructure Coal. v. Eagle Cty., 605 U.S. 168, 145 S. Ct. 1497, 1511, 221 L. Ed. 2d 820 (2025) (reviewing Surface Transportation Board's final order), further citing FCC v. Prometheus Radio Project, 592 U.S. 414, 423, 141 S. Ct. 1150, 209 L. Ed. 2d 287 (2021) (reviewing decision of FCC)).)

[5] Plaintiff cites several courts that have found that the plain meaning of "telephone call" includes text messages. This Court respectfully disagrees with the textual analyses undertaken by these courts. First, several based their analyses on a dictionary definition of "call" from 2002—or later. E.g., Mujahid, 2025 U.S. Dist. LEXIS 221088, 2025 WL 3140725, at *2 (referencing definition from 2002); Wilson v. MEDVIDI Inc., 2025 U.S. Dist. LEXIS 198827, 2025 WL 2856295, at *2 (N.D. Cal. Oct. 7, 2025) (referencing definition from 2024). Second, several others relied on definitions of "call" contemporaneous with the TCPA's enactment but failed to consider the contemporaneous definition of the modifying "telephone." E.g., Wilson v. Better Mortg. Corp., 2025 U.S. Dist. LEXIS 251694, 2025 WL 3493815, at *5 (S.D.N.Y. Dec. 5, 2025); Howard v. Republican Nat'l Comm., 164 F.4th 1119, 1123-24 (9th Cir. 2026).

While one district court in the Southern District of Texas did address contemporaneous definitions of both "call" and "telephone," this Court is not convinced by its further analysis that found those definitions include text messages. Alvarez v. Fiesta Nissan, Inc., 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930, at *4-5 (S.D. Tex. Jan. 26, 2026). After noting the appropriate definitions, the court based its analysis on a comparison of "telephone" in 1991 with "cell phone" today.

_____

[4] Plaintiff suggests that, even after Loper Bright, courts can defer to agency interpretations of statutes so long as the interpretation is "within a zone of reasonableness." (Doc. 16, at 15.) Plaintiff is misguided. The two cases she cites asked whether specific, discrete agency actions violated the Administrative Procedure Act—a completely different issue

2026 U.S. Dist. LEXIS 42954, *5

definitions, "telephone call" could not include modern-day text messages because text messages do not use a telephone to reproduce sounds at a distance.[6]

---

The court reasoned that because the modern cell phone includes the capabilities of a telephone in 1991—reproducing sound—then a modern cell phone is essentially the equivalent of a telephone in 1991 and any communication by a cell phone must be considered a "call" under the TCPA. 2026 U.S. Dist. LEXIS 14155, [WL] at *5 ("[A] telephone in 1991 was an instrument 'for producing sounds at a distance.' So is a telephone today. But that instrument may also send messages via 'calls.' Thus, to make a 'telephone call,' for purposes of § 227(c)(5), is to 'to get or try to get into communication' with an 'instrument for producing sounds at a distance.' A text message therefore falls reasonably within the literal language of the statute.").

While a modern cell phone has capabilities that bring the device within the 1991 definition of "telephone," that is not the issue before this Court. The question here is whether "call" as modified by "telephone" in 1991 can include text messages. Just because later technology may, by definition, encapsulate earlier technology, it does not follow that the capabilities of the later technology are the equivalent of the capabilities of the earlier technology.

In 1991, the definition of telephone was limited to voice capabilities. That is not to say that later technology (*e.g.*, cell phones) cannot fit the definition of telephone just because they have additional capabilities, but the only capability possibly covered by definition of "telephone call" in 1991 was reproducing sound. Accordingly, capabilities of modern cell phones beyond reproducing sounds cannot be covered by the plain meaning of "telephone call" in 1991. To hold otherwise would suggest that any communication from a modern cell phone is a "telephone call" under the TCPA, which might include messages sent through Internet applications downloaded onto a cell phone. This broad interpretation of "telephone call" is not supported by the term's plain meaning as defined in 1991.

[6] Defendants, and some other courts, contend that because text messages did not exist when the TCPA was enacted, the TCPA's plain language could not encompass text messages. This is misguided. Congress can, and often does, enact statutes broad enough to cover future factual situations unimaginable at the time of enactment. See *Pa. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 212, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998) ("As we have said before, the fact that a statute can be 'applied in situations not expressly anticipated by Congress does not demonstrate ambiguity. It demonstrates breadth.'" (quoting *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 499, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985))). The question before this Court is not whether the enacting

Where, as here, the language **[*6]** of the statute is clear, the Court's analysis stops. *See United States v. Choice,* 201 F.3d 837, 840 (6th Cir. 2000) ("The language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear."). The Court acknowledges, however, that its decision—as dictated by Loper Bright and McLaughlin—arguably stands in contrast to decades of FCC agency interpretations, court decisions, and even congressional intent. Such contradictory decisions are the natural consequence of the Supreme Court overruling *Chevron U.S.A. Inc. v. NRDC,* 467 U.S. 837, 865-66 (1984) and creating a gap between long-standing agency interpretations that Congress may have presumed to be valid and the plain text of statutes. But it is for Congress—not this Court—to fill those gaps in the wake of *Chevron's* reversal.[7]

---

Congress intended to cover some specific technology that did not yet exist, but whether the language of the statute it enacted does, in fact, cover this specific later-developed technology. *See Facebook, Inc. v. Duguid,* 592 U.S. 395, 409, 141 S. Ct. 1163, 209 L. Ed. 2d 272 (2021) (finding that courts "must interpret what Congress wrote," even in the face of changing technology).

[7] Even if this Court were to give deference to the FCC's regulations, several of Plaintiff's arguments still lack merit. For instance, Plaintiff cites to **47 C.F.R. § 64.1200(e)**, claiming it somehow means to define "telephone call" in Section 227(c)(5) of the TCPA as including text messages. **Section 64.1200(e)** makes **Sections 64.1200(c)-(d)** "applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." By its own plain language, **Section 64.1200(e)** only makes the regulations promulgated under Section 227(c)(5) applicable to persons or entities making telemarketing text messages to wireless telephone numbers. It says nothing as to whether the person receiving a text message from such an entity has a private right of action under Section 227(c)(5) of the TCPA for text messages.

Further, Plaintiff argues that Congress implicitly ratified the FCC's interpretation of "call" by not negating that interpretation

2026 U.S. Dist. LEXIS 42954, *6

## CONCLUSION

For all the aforementioned reasons, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN

United States District Judge

Date: 3/3/26

## Judgment Entry

This Court, having issued its Memorandum of Opinion and Order granting the Defendants' Motion to Dismiss (Doc. 9), hereby enters judgment in favor of defendants. This case is hereby dismissed.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN

United States District Judge

Date: 3/3/26

---

in any of its four amendments to the TCPA since 2003. But Congress's silence in its amendments goes both ways. On one hand, as Plaintiff points out, "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." *Lorillard v. Pons*, 434 U.S. 575, 580, 98 S. Ct. 866, 55 L. Ed. 2d 40 (1978). But on the other **[*7]** hand, as Defendants point out, Congress knows how to include text messages when it wants to, like it did in a different section of the TCPA through a 2018 amendment. *See* 47 U.S.C § 227(e)(1); *see also Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 393-94, 135 S. Ct. 913, 190 L. Ed. 2d 771 (2015). But even assuming Plaintiff is correct, that Congress intended for Section 227(b)(5) to cover text messages, this Court is bound by the clear, plain language of the statute. If the plain language is not giving effect to Congress's intent, it is for Congress to correct—not the courts.

**End of Document**