**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| **ETHAN RADVANSKY,** individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>**1ST CLASS MEDICAL**<br><br>        *Defendant.* | Case No. 1:25-cv-03796-PAB-STV |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF HIS RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff submits this Notice of Supplemental Authority to advise the Court of a recent decision relevant to the Court's consideration of Defendant's dispositive motion.

First, on March 12, 2026 the United States District Court for the Eastern District of Pennsylvania denied a motion to dismiss raising arguments materially similar to those asserted by Defendant here, including the contention that text messages do not constitute "calls" under the Telephone Consumer Protection Act. *Newell v. RxLink Inc.*, Civil Action No. 2:25-cv-4270, ECF No. 43 (E.D. Pa. Mar. 12, 2026).

The motion to dismiss in *Newell* was fully briefed and supported by extensive additional briefing, including a sur-reply and multiple notices of supplemental authority from both parties. After considering that briefing, the court denied the motion. The Court's Order states, in its

1

entirety:

"Upon consideration of Defendant's Motion to Dismiss (ECF 15), Plaintiffs' opposition (ECF 23) and the other supplemental briefing in this matter (ECF Nos. 33, 38, 39–41), it is hereby ORDERED that Defendant's motion is DENIED."

Although the Court did not issue a written opinion, the denial of the motion after extensive briefing further confirms that the arguments advanced by Defendant here do not provide a basis for dismissal at the pleading stage.

Second, on March 23, 2026 the United States District Court for the Eastern District of Pennsylvania denied a motion to dismiss raising arguments materially similar to those asserted by Defendant here, including the contention that text messages do not constitute "calls" under the Telephone Consumer Protection Act. *Cole v. C/T Install America, LLC*, Civil Action No. 5:25-cv-3531, ECF No. 26 (E.D. Pa. Mar. 23, 2026). A copy of the decision is attached hereto as Exhibit 1.

*Newell* and *Cole* address the same threshold question presented in Defendant's motion and in the parties' post-McLaughlin submissions: whether "telephone calls" under 47 U.S.C. § 227(c) encompass promotional text messages sent to numbers listed on the National Do-Not-Call Registry where the Court held that the term "telephone call" in § 227(c) includes the type of text messages alleged.

Respectfully Submitted,

Dated: March 25, 2026

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the putative Class*

2