**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03796-PAB-STV

ETHAN RADVANSKY, on behalf of
himself and others similarly situated,

      Plaintiff,

v.

1ST CLASS MEDICAL,

      Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY
PENDING RULING ON ITS MOTION TO DISMISS AND TO SUBSTITUTE COUNSEL**

---

Defendant 1st Class Medical ("Defendant"), by and through its undersigned counsel, hereby submits its reply in further support of its Motion to Stay Discovery Pending Ruling on Its Motion to Dismiss and to Substitute Counsel.[1]

**I.     DEFENDANT'S MOTION TO DISMISS IS GROUNDED IN CONTROLLING STATUTORY ANALYSIS**

Plaintiff's Opposition offers no justifiable basis as to why discovery should not be stayed. Plaintiff does not dispute that Defendant's Motion to Dismiss would dispose of this case in its entirety and render any class action discovery—indeed, any discovery at all—unnecessary. Plaintiff also does not dispute that numerous other judges have recently dismissed cases brought under the Telephone Consumer Protection Act,

---

[1] On March 9, 2026, the Court denied the branch of the instant motion seeking to withdraw Thomas G. Zeichman as counsel for Defendant because "[o]ther attorneys may not request withdrawal on Thomas G. Zeichman's behalf." (Dkt. No. 28). To rectify this, Mr. Zeichman filed a Motion for Leave to Withdraw from Representation on March 19, 2026. (Dkt. No. 32). Mr. Zeichman's Motion was granted on March 20, 2026. (Dkt. No. 34).

47 U.S.C. § 227 ("TCPA"), by Plaintiff and others, finding that alleged receipt of text messages do not fall within the scope of the TCPA based on sound interpretations of the TCPA's text that courts *must* conduct.   Instead, Plaintiff's Opposition is based on purported lack of good cause to modify the existing scheduling order.  Defendant's motion plainly establishes good cause.   Indeed, if the Court grants Defendant's Motion to Dismiss, then proceeding with discovery in this action would be a waste of judicial resources and would unfairly burden Defendant with class discovery and its attendant costs.

Plaintiff further asserts that a stay is unwarranted because Defendant's argument is based on the mere assertion that it will prevail on its motion to dismiss.  Not true.  As set forth in Defendant's Motion to Dismiss and Supplemental Authority, several courts have recently held that TCPA claims brought under the section at issue here, 47 U.S.C. § 227(c)(5), fail because, upon conducting the independent textual analysis required by the United States Supreme Court in <u>McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.</u>, 606 U.S. 146 (2025) for TCPA provisions such as the one at issue (rather than deferring to the FCC's nonbinding guidance), it is apparent that text messages do not fall within the ambit of Section 227(c)(5). Indeed, last month, two courts dismissed the text-message-based TCPA claims brought by Plaintiff himself after conducting this same common-sense textual analysis of the TCPA.  <u>Radvansky v. 1-800-Flowers.com, Inc.</u>, No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415, at *10 (N.D. Ga. Feb. 17, 2026) ("The statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages."); <u>Radvansky v. Kendo Holdings, Inc.</u>, No. 3:23-cv-00214-LLM, 2026 U.S. Dist. LEXIS 65154, at *4 (N.D. Ga. Feb. 12, 2026) (noting that "the statutory text here is

clear, and a text message is not a 'telephone call'" under Section 227(c)(5) and rejecting same arguments Plaintiff advances in this case); see also Richards v. Shein Distribution Corp., No. 1:25-cv-01385-TWP-TAB, 2026 U.S. Dist. LEXIS 65697, at *6 (S.D. Ind. Mar. 26, 2026) (holding that "[a] plain reading of § 227(c)(5) . . . supports Defendant's position that under § 227(c)(5), 'telephone call' does not mean text messages" and rejecting same arguments Plaintiff advances in this case); Richards v. Fashion Nova, LLC, No. 1:25-cv-01145-TWP-MKK, 2026 U.S. Dist. LEXIS 65696, at *6 (S.D. Ind. Mar. 26, 2026) (same).[2]

Plaintiff's answer is to inaccurately claim that Connor v. Servicequick Inc. decided that Section 227(c)(5) covers text messages.  Connor does not undermine Defendant's position. Connor, decided by another judge but after McLaughlin issued, did not include the textual analysis that McLaughlin requires. Connor v. Servicequick Inc., No. 1:24-cv-02286-CNS-NRN, 2025 U.S. Dist. LEXIS 199578, at *3 n.3 (D. Colo. Oct. 8, 2025) (stating that FCC "has interpreted the TCPA's reference to a 'telephone call' to include text messages" without conducting any textual analysis of TCPA's provisions).  Rather, it is apparent the Connor court simply deferred to the FCC as the proper interpretive authority, rather than construing the statute itself as ordered by the United States Supreme Court. First, a review of the Connor docket shows that the defendants did not raise binding precedent (like the United States Supreme Court's Loper Bright Enterprises v. Raimondo decision) to argue that Section 227(c)(5) does not cover text messages.  Second, even if that were not the case, briefing on the Connor defendants' motions to dismiss closed before McLaughlin was issued, even through the Connor decision came later.  While the Connor court cited the FCC as the proper interpretative body, the court did not construe

---

[2] Both Richards cases were brought by the same counsel that represents Plaintiff in the instant case.

the statute itself, as required by <u>McLaughlin</u>.  Because <u>Connor</u> neither applies <u>McLaughlin</u> nor engages in the required statutory analysis, and because the parties there failed to bring <u>McLaughlin</u> to the court's attention, <u>Connor</u> carries no persuasive weight here, and Plaintiff is left with no authority to back his position.

II.    **DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS**

Although Plaintiff stresses that motions to stay discovery are <u>generally</u> disfavored, courts in this District regularly grant stays when appropriate, including this District Judge and Magistrate Judge.  <u>See, e.g.</u>, <u>Bellinsky v. Galan</u>, No. 23-cv-03461-PAB-STV, 2024 U.S. Dist. LEXIS 83272, at *7-10 (D. Colo. May 7, 2024) (overruling objection to Judge Varholak's grant of discovery stay pending ruling on motion to dismiss based on careful analysis of <u>String Cheese</u> factors) (Brimmer, J., Varholak, M.J.); <u>Viviano v. Schneider</u>, No. 17-cv-00235-CMA-STV, 2017 U.S. Dist. LEXIS 91052, at *4-8 (D. Colo. June 14, 2017) (finding that <u>String Cheese</u> factors warranted stay pending resolution of motion to dismiss and rejecting claims "that witnesses' memories may fade, witnesses may relocate, and documents may get misplaced or destroyed" given facts of case while also recognizing prejudice to defendant) (Varholak, J.); <u>Frederick v. Col-Terra Invs. XIV</u>, No. 17-cv-00410-MSK-STV, 2017 U.S. Dist. LEXIS 72125, at *2-5 (D. Colo. May 10, 2017) (applying <u>String Cheese</u> factors to determine stay pending decision on motion to dismiss was warranted where, like here, there was no actual prejudice and stay would "conserve judicial resources and further the public's interest in judicial economy") (Varholak, M.J.); <u>Hay v. Family Tree, Inc.</u>, No. 16-cv-03143-CMA-KLM, 2017 U.S. Dist. LEXIS 87033, at *5 (D. Colo. June 6, 2017) (staying discovery pending resolution of defendants' motion to dismiss); <u>FDIC v. Banc of Am. Funding Corp.</u>, No. 14-cv-00418-PAB-MJW, 2014 U.S.

4

Dist. LEXIS 52695, at *7-8 (D. Colo. Apr. 15, 2014) (same); <u>Harbinger Capital Partners LLC v. Ergen</u>, No. 14-cv-01907-WJM-KMT, 2015 U.S. Dist. LEXIS 29089, at *6 (D. Colo. Mar. 10, 2015) (same). Indeed, courts in this District have stayed discovery due to a pending dispositive motion even after a scheduling order has been entered as, like here, good cause existed. See <u>Parker v. TTEC Holdings, Inc.</u>, No. 24-cv-03148-DDD-CYC, 2025 U.S. Dist. LEXIS 113445, at *10-11 (D. Colo. June 13, 2025) (staying discovery pending resolution of defendant's motion to dismiss and vacating deadlines in previously entered scheduling order).

Ultimately, Plaintiff's argument ignores, and does not conduct, the individualized analysis required by <u>String Cheese</u>, and all five <u>String Cheese</u> factors—1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendant; 3) the convenience to the court; 4) the interests of nonparties; and 5) the public interest—support staying discovery. <u>String Cheese Incident, LLC v. Stylus Shows, Inc.</u>, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006).

Contrary to Plaintiff's assertions, it is clear that the <u>String Cheese</u> factors favor a stay. First, Plaintiff will not be unnecessarily prejudiced by a delay in discovery (if at all). Indeed, Plaintiff will suffer no prejudice from a brief pause in discovery since the pending motion to dismiss may eliminate the need for discovery and Defendant's litigation hold and associated efforts will prevent information or testimony from being lost. Indeed, the alleged text messages in Plaintiff's Complaint were only sent less than a year ago. Plaintiff's Opposition merely relies on generalized assertions about wishing to proceed

5

expeditiously, which is insufficient to establish concrete prejudice from a brief stay while the Court determines whether Plaintiff may even proceed.

Second, Plaintiff's dismissive response that defendants are always burdened when they are sued misses the point. This is a putative nationwide TCPA class action, and Plaintiff has already served overbroad, burdensome discovery requests on Defendant. Having to undergo discovery regarding Plaintiff and the general facts, let alone class-based discovery, before the court has an opportunity to rule on a fully dispositive motion, is an exceptional burden that weighs in favor of granting a stay. Macias v. Sisters of Charity of Leavenworth Health Sys., No. 1:23-cv-01496-DDD-SBP, 2024 U.S. Dist. LEXIS 65845, at *10 (D. Colo. Apr. 10, 2024) ("[T]he breadth of class action discovery is likely to be significant in this action, and thus Defendants would be subject to an elevated burden if the stay were not granted."). Plaintiff's reliance on Chavez v. Young America Insurance Company is unpersuasive. In denying a stay, the Chavez court relied heavily on the individual deadlines set by the district judge's individual rules, which required that all fact and expert discovery be conducted within 90-120 days of the scheduling conference. Chavez v. Young Am. Ins. Co., No. 06-cv-02419-PSF-BNB, 2007 U.S. Dist. LEXIS 15054, at *6 (D. Colo. Mar. 2, 2007). Here, Judge Brimmer's individual rules defer to the magistrate judge regarding discovery deadlines and limitations while providing a longer presumptive discovery period of six months. Thus, the strict time constraints that drove the Chavez court's decision are not present here.

Third, a stay would convenience the Court, and the fact that a scheduling order was previously entered does not change this conclusion. As discussed above, courts in this District have stayed discovery due to a pending dispositive motion even after a

scheduling order has been entered.  Parker, 2025 U.S. Dist. LEXIS 113445, at *8 ("[A]

stay would serve the Court's interest by avoiding the unnecessary expenditure of the

Court's time and resources while a motion is pending that could resolve this matter in its

entirety."). While Plaintiff seems to portray it as a monumental task, Plaintiff's and other

like claims have already been dismissed several times in multiple venues, and vacating

or revising a scheduling order is well within the Court's discretion.  Moreover, staying

discovery now would conserve judicial resources by avoiding class-related discovery,

discovery disputes, and pretrial activity that may never be needed.  Aurora Bank FSB v.

Network Mortg. Servs., No. 13-cv-00047-PABKLM, 2013 U.S. Dist. LEXIS 86067, at *5

(D. Colo. June 19, 2013) (internal citation and punctuation omitted).

Fourth, Plaintiff failed to identify any nonparties with significant or particularized

interests in this case.  Accordingly, this factor remains neutral at best.  Macias, 2024 U.S.

Dist. LEXIS 65845, at *12 (finding that interests of nonparties are neutral where "Plaintiffs

do not identify any specific non-parties whose interests may be affected by the imposition

of a stay").

Finally, staying this action and conserving the Court's resources benefits the public

interest.  The public's "primary interest in this case is an efficient and just resolution," and

"[t]hat goal will not be facilitated by this court's diverting limited resources to the

management of possibly unnecessary discovery disputes in a matter that portends the

need for significant court involvement."  Id.  Again, allowing this litigation to proceed while

Defendant's Motion to Dismiss is pending would lead to potentially wasteful efforts by

both the Court and the parties in handling Court hearings, discovery, discovery disputes,

and pre-trial motions, among other tasks.  Thus, public interest weighs in favor of staying discovery so Defendant's Motion to Dismiss can be properly and fairly considered.

## II.        CONCLUSION

Plaintiff's generalized arguments opposing a stay of discovery fail to satisfy the String Cheese factors and provide no basis to deny staying discovery.  While Plaintiff would suffer minimal (if any) prejudice from a stay, allowing discovery to proceed would impose a substantial and unnecessary burden on both Defendant and the Court without a commensurate benefit to any other parties or the public.  Accordingly, Defendant respectfully requests that the Court grant the instant motion by staying discovery pending resolution of Defendant's Motion to Dismiss or, in the alternative, granting Defendant thirty days to respond to Plaintiff's outstanding discovery requests.


Respectfully submitted this 30th day of March 2026.

JACKSON LEWIS P.C.


*/s/ Jason A. Selvey*
Jason A. Selvey
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Jason.Selvey@jacksonlewis.com

Gregory C. Brown, Jr.
666 Third Avenue, 28th Floor
New York, NY 10017
Telephone: (212) 545-4000
Gregory.Brown@jacksonlewis.com

*Attorneys for Defendant*
*1st Class Medical*

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 30th day of March, 2026, a true and correct copy of the foregoing Reply in Support of Defendant's Motion to Stay Discovery Pending Ruling on Its Motion to Dismiss and to Substitute Counsel was filed and served electronically via CM/ECF, addressed to the following:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*/s/ Jason A. Selvey*
Jason A. Selvey