## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

|  |  |
|---|---|
| **ETHAN RADVANSKY,** individually and on behalf of all others similarly situated, | Case No. 1:25-cv-03796-PAB-STV |
| *Plaintiff,* | |
| v. | |
| **1ST CLASS MEDICAL** | |
| *Defendant.* | |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff submits this Notice of Supplemental Authority to advise the Court of a recent decision relevant to the Court's consideration of Defendant's dispositive motion.

First, in in *Newell v. Child.'s Dental Health Assocs., LLC*, 2026 U.S. Dist. LEXIS 74360 (E.D. Pa. April 6, 2026), Judge Murphy held:

> A commonsense interpretation of the TCPA's text and purpose demonstrates that text messages qualify as "calls."…The TCPA does not define the term "call," so courts must look to its ordinary meaning at the time of enactment in 1991. The ordinary, contemporary meaning of "to call" is "to communicate with or try to get into communication with a person by a telephone." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 953–54 (9th Cir. 2009). That definition does not require voice communication. Rather, it encompasses any communication made using a telephone. Text messaging is simply one modern method of communicating by telephone, and therefore fits comfortably within the ordinary meaning of a "call."

> The broader statutory context confirms this interpretation. Courts have consistently held that "calls" under § 227(b) include text messages. Indeed, the Supreme Court has observed that it is "undisputed" that a text message qualifies as a "call" within the meaning of the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016). The Third Circuit has likewise recognized that the statute's prohibitions apply to both voice calls and text messages. See Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 269 n.2 (3d Cir. 2013). There is no persuasive basis to interpret the same term—"call"—to include text messages in one subsection of the statute but exclude them in another. Such an interpretation would create an irrational asymmetry inconsistent with the statute's structure.

The statute's purpose further supports this reading. The TCPA is a remedial consumer protection law enacted to safeguard privacy and curb unwanted telemarketing practices. Unsolicited communications—whether delivered by voice or text—implicate the same privacy concerns. As courts have recognized, the "nuisance and privacy invasion attendant on spam texts are the very harms with which Congress was concerned when enacting the TCPA." Melito v. Experian Mktg. Sols., Inc., 923 F.3d 85, 88 (2d Cir. 2019). It would strain credulity to conclude that Congress intended to regulate intrusive voice calls while leaving functionally identical text-based solicitations unregulated.

The FCC's interpretation is consistent with this understanding. The agency has long stated that the TCPA's restrictions on "calls" encompass both voice calls and text messages, including SMS communications, and has reaffirmed that the National Do-Not-Call Registry protections apply equally to text messages. While not controlling, this interpretation is persuasive and aligns with the statute's text, structure, and purpose.

In sum, interpreting "calls" to include text messages best reflects the ordinary meaning of the statutory language, the broader structure of the TCPA, and Congress's intent to protect consumers from intrusive telemarketing practices. Excluding text messages from the statute's reach would produce results at odds with both common sense and the TCPA's remedial purpose.

A copy of that decision is attached as Exhibit 1.

Plaintiff respectfully requests that the Court consider this authority in evaluating

Defendant's Motion to Dismiss.

Dated: April 2, 2026                    Respectfully submitted,

/s/ Anthony Paronich
Anthony Paronich
Paronich Law, PC
350 Lincoln St, Ste 2400
Hingham, MA 02043
(617) 485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

Jessica E. Garland
Gupta Wessler LLP
2001 K Street, NW
Suite 850 North

Washington, DC 20006
(202) 888-1741
Email: jessie@guptawessler.com

Matthew Alison, OBA 32723
Indian and Environmental Law Group,
PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
(918) 347-6169
Email: matthew@iaelaw.com

*Counsel for plaintiff*