**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03796-PAB-STV

ETHAN RADVANSKY, on behalf of
himself and others similarly situated,

      Plaintiff,

v.

1ST CLASS MEDICAL,

      Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO ADJOURN EXPERT AND REBUTTAL
EXPERT DISCLOSURE DEADLINES SINE DIE PENDING RULING ON
DEFENDANT'S MOTION TO DISMISS**

---

Defendant 1st Class Medical ("Defendant"), by and through its undersigned counsel, hereby moves the Court to adjourn *sine die* the current expert and rebuttal expert disclosure deadlines set forth in the Scheduling Order until after the Court rules on Defendant's pending Motion to Dismiss. In support of this Motion, Defendant states as follows:

**I.      INTRODUCTION**

Plaintiff Ethan Radvansky ("Plaintiff") filed a putative class action complaint against Defendant asserting a claim under the Telephone Consumer Protection Act of 1991 ("TCPA") in connection with certain text messages he claims to have received on his cell phone in March and April 2025. (Dkt. No. 1, Compl. ¶¶ 12-13). On January 5, 2026, Defendant moved to dismiss the Complaint and, in the alternative, strike the Complaint's

class allegations ("Motion").  (Dkt. No. 17).  Defendant's Motion is still pending with the Court.

The January 27, 2026 Scheduling Order currently requires the parties to (1) designate all affirmative experts and provide the information specified in Fed. R. Civ. P. 26(a)(2) by June 10, 2026 and (2) designate rebuttal experts and provide the information specified in Fed. R. Civ. P. 26(a)(2) by July 13, 2026.  (Dkt. No. 21, p.6).  The anticipated fields of expert testimony identified in the Scheduling Order include call-record analysis, telemarketing industry practices, and class certification issues, including numerosity and pattern of calls.  (Id.)

Since entry of the Scheduling Order, the Court granted in part Defendant's Motion to Stay Discovery Pending Ruling on Its Motion to Dismiss.  Specifically, on April 21, 2026, the Court ordered that "class discovery is STAYED" and that "individualized discovery as to the named plaintiff is permitted to proceed."  (Dkt. No. 40, p.1).  Written discovery also remans open, and Plaintiff has not yet served discovery responses.

## II.    ARGUMENT

Good cause exists to adjourn the current expert deadlines *sine die*.  The expert disclosure deadlines were set before the Court partially stayed discovery and before the case posture made clear that class discovery would not proceed while Defendant's Motion remains pending.  The current expert schedule requires the parties to select and disclose affirmative experts by June 10, 2026 and rebuttal experts by July 13, 2026.  (Dkt. No. 21, p.6).  However, the Court has now stayed class discovery, and Defendant's pending Motion may dispose of the case or materially narrow the issues.  (Dkt. Nos. 17, 40).

Proceeding with expert disclosures now would be inefficient and likely waste the parties' resources.  The Scheduling Order identifies anticipated fields of expert testimony that include class-focused topics such as call-record analysis and class certification issues, including numerosity and pattern of calls.  (Dkt. No. 21, p.6). Those issues squarely overlap with the class discovery that the Court has stayed.  (Dkt. No. 40, p.1). Requiring expert disclosures while class discovery is stayed would force the parties to make expert-retention and disclosure decisions without the discovery needed to inform those decisions and without knowing whether the case will proceed at all following the Court's ruling on Defendant's Motion to Dismiss.

An adjournment would also promote judicial economy and avoid unnecessary expense.  As Defendant explained in its prior motion to stay discovery, Defendant's Motion to Dismiss, if granted, would be fully dispositive.  (Dkt. No. 26, p.2).  The same practical considerations support adjourning the expert deadlines here.  If Defendant's Motion is granted, expert discovery will be moot and unnecessary.  Even if the Motion is denied in whole or in part (which Defendant respectfully submits it should not), the parties and the Court can reset expert deadlines in light of the claims and issues that remain, the status of the class discovery stay, and any further case-management needs.

Therefore, Defendant respectfully requests that the Court adjourn the current expert and rebuttal expert disclosure deadlines *sine die*, with those deadlines to be reset, if necessary, after the Court rules on Defendant's pending Motion to Dismiss.

## III.    STATEMENT OF CONFERRAL AND SERVICE

Pursuant to D.C.COLO.LCivR 7.1(a), Defendant's counsel conferred with Plaintiff's counsel, who does not oppose the relief requested.

3

Pursuant to D.C.COLO.LCivR 6.1(c), the undersigned counsel certifies that a copy of this motion will be served contemporaneously on a representative from Defendant.

Respectfully submitted this 5th day of June 2026.

JACKSON LEWIS P.C.

*/s/ Jason A. Selvey*
Jason A. Selvey
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Jason.Selvey@jacksonlewis.com

Gregory C. Brown, Jr.
666 Third Avenue, 28th Floor
New York, NY 10017
Telephone: (212) 545-4000
Gregory.Brown@jacksonlewis.com

*Attorneys for Defendant*
*1st Class Medical*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of June, 2026, a true and correct copy of the foregoing Defendant's Unopposed Motion to Adjourn Expert and Rebuttal Expert Disclosure Deadlines *Sine Die* Pending Ruling on Its Motion to Dismiss was filed and served electronically via CM/ECF, addressed to the following:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*/s/ Jason A. Selvey*
Jason A. Selvey

5