**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03796-PAB-STV

ETHAN RADVANSKY, on behalf of
himself and others similarly situated,

      Plaintiff,

v.

1ST CLASS MEDICAL,

      Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO ADJOURN DISCOVERY END DATE AND
MOTION FOR CLASS CERTIFICATION DEADLINES SINE DIE PENDING RULING
ON DEFENDANT'S MOTION TO DISMISS**

---

Defendant 1st Class Medical ("Defendant"), by and through its undersigned counsel, hereby moves the Court to adjourn *sine die* the current end date for discovery and motion for class certification deadlines set forth in the Scheduling Order until after the Court rules on Defendant's pending Motion to Dismiss. In support of this Motion, Defendant states as follows:

**I.     INTRODUCTION**

Plaintiff Ethan Radvansky ("Plaintiff") filed a putative class action complaint against Defendant asserting a claim under the Telephone Consumer Protection Act of 1991 ("TCPA") in connection with certain text messages he claims to have received on his cell phone in March and April 2025. (Dkt. No. 1, Compl. ¶¶ 12-13). On January 5, 2026, Defendant moved to dismiss the Complaint and, in the alternative, strike the Complaint's

class allegations ("Motion").  (Dkt. No. 17).  Defendant's Motion is still pending with the Court.

The January 27, 2026 Scheduling Order currently requires the parties to (1) complete discovery by July 22, 2026 and (2) begin briefing Plaintiff's anticipated motion for class certification and class expert reports by July 29, 2026, with Defendant's opposition due September 2, 2026 and Plaintiff's reply due September 23, 2026.  (Dkt. No. 21, p.5).

Since entry of the Scheduling Order, the Court granted in part Defendant's Motion to Stay Discovery Pending Ruling on Its Motion to Dismiss.  Specifically, on April 21, 2026, the Court ordered that "class discovery is STAYED" and that "individualized discovery as to the named plaintiff is permitted to proceed."  (Dkt. No. 40, p.1).  Also, on June 5, 2026, the Court vacated the deadlines for the parties to designate all affirmative and rebuttal experts pending Defendant's Motion to Dismiss.  (Dkt. No. 43).  The parties have exchanged written discovery responses.

## II.    ARGUMENT

Good cause exists to adjourn the current end date for discovery and motion for class certification deadlines *sine die*.  These deadlines were set before the Court partially stayed discovery and before the case posture made clear that class discovery would not proceed while Defendant's Motion remains pending.  The expert designation deadlines were also vacated by the Court.  (Dkt. No. 43).  Since the Court has now stayed class discovery and vacated the expert designation deadlines, and Defendant's pending Motion may dispose of the case or materially narrow the issues, it would be prudent to reset the

2

remaining discovery deadlines following a ruling on Defendant's Motion.  (Dkt. Nos. 17, 40, 43).

Proceeding under the current discovery and class certification schedule now would be inefficient and likely waste the parties' resources.  A significant portion of the anticipated discovery and class certification briefing in this action is class-focused, which overlaps with the class discovery that the Court has stayed.  (Dkt. No. 40, p.1).  It would not be feasible for the parties to complete discovery and to brief class certification, supported by class expert reports, while class discovery is stayed and the expert designation deadlines have been vacated, particularly since the case may not proceed at all following the Court's ruling on Defendant's Motion to Dismiss.  (Dkt. Nos. 40, 43).

An adjournment would also promote judicial economy and avoid unnecessary expense.  As Defendant explained in its prior motion to stay discovery, Defendant's Motion to Dismiss, if granted, would be fully dispositive.  (Dkt. No. 26, p.2).  The same practical considerations support adjourning the remaining discovery and class certification deadlines here and are consistent with the Court's June 5, 2026 Order vacating the expert designation deadlines.  (Dkt. No. 43).  If Defendant's Motion is granted, the remaining discovery and class certification briefing will be moot and unnecessary.  Even if the Motion is denied in whole or in part (which Defendant respectfully submits it should not), the parties and the Court can reset the discovery deadline and the class certification briefing schedule in light of the claims and issues that remain, the status of the class discovery stay, and any further case-management needs.

Therefore, Defendant respectfully requests that the Court adjourn the current end date for discovery and motion for class certification deadlines *sine die*, with those

3

Case No. 1:25-cv-03796-PAB-STV    Document 44    filed 07/17/26    USDC Colorado
pg 4 of 5

deadlines to be reset, if necessary, after the Court rules on Defendant's pending Motion to Dismiss.

## III.     STATEMENT OF CONFERRAL AND SERVICE

Pursuant to D.C.COLO.LCivR 7.1(a), Defendant's counsel conferred with Plaintiff's counsel, who does not oppose the relief requested.

Pursuant to D.C.COLO.LCivR 6.1(c), the undersigned counsel certifies that a copy of this motion will be served contemporaneously on a representative from Defendant.

Respectfully submitted this 17th day of July 2026.

JACKSON LEWIS P.C.

*/s/ Jason A. Selvey*
Jason A. Selvey
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Jason.Selvey@jacksonlewis.com

Gregory C. Brown, Jr.
666 Third Avenue, 28th Floor
New York, NY 10017
Telephone: (212) 545-4000
Gregory.Brown@jacksonlewis.com

*Attorneys for Defendant*
*1st Class Medical*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 17th day of July, 2026, a true and correct copy of the foregoing Defendant's Unopposed Motion to Adjourn Discovery End Date and Motion for Class Certification Deadlines *Sine Die* Pending Ruling on Its Motion to Dismiss was filed and served electronically via CM/ECF, addressed to the following:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*/s/ Jason A. Selvey*
Jason A. Selvey