**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **ETHAN RADVANSKY,** individually and on behalf of all others similarly situated,<br><br>        *Plaintiff,*<br>v.<br><br>**1ST CLASS MEDICAL**<br><br>        *Defendant.* | Case No. 1:25-cv-03796-PAB-STV |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant's Notice of Supplemental Authority cites *Steidinger v. Blackstone Med. Servs.*, No. 25-2398, --- F.4th ---, 2026 WL 2028517 (7th Cir. July 14, 2026), holding that 47 U.S.C. § 227(c)(5) does not reach text messages. *Steidinger* is not binding here, stands alone among the courts of appeals, conflicts with the Ninth Circuit's holding in *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1124 (9th Cir. 2026), and with the near-uniform consensus of district courts on § 227(c)(5) itself. Plaintiff outlines why *Steidinger* is distinguishable and why each of the five grounds on which the panel rejected the plaintiffs' arguments fails here. Plaintiff respectfully requests the opportunity to conduct additional briefing on the impact of *Steidinger* on this matter.

1.      **The panel misread the 1991 definition on which it relied.**

In 1991, to "call" meant "to get or try to get into communication by telephone." That definition is functional. It asks whether one attempted to communicate by telephone, not whether the communication was audible. The panel imported an audio requirement from the definition of the *instrument* ("telephone") and assumed every communication by telephone must itself reproduce sound. But "telephone" identifies the means and does not make "call" a synonym for

1

voice conversation. A text message is properly deemed to be a "call" because it is a form of communication between telephones.

### 2.    "Call" and "message" overlap; they are not mutually exclusive.

From § 227(a)(4)'s "call or message" phrasing, the panel further inferred that a message cannot also be a call. But the panel failed to address that 227(b)(1)(B) regulates a "telephone call" made "to deliver a message." In Congress's usage, "call" describes the act of initiating telephone communication, and "message" describes its content. Statutory terms, especially ordinary, common ones, frequently overlap, and anti-surplusage readily yields to ordinary meaning. "Message" retains independent work in the statute, even though an SMS to a wireless number is both a "message" and a "call". And § 227(c)(5)(C)'s affirmative defense turns on procedures to prevent "telephone *solicitations*," which includes messages, confirming that the paragraph enforces subsection (c)'s solicitation rules, not an audio-only subset of them.

### 3.    The fax provisions prove nothing about SMS.

The panel drew from Sections 227(a)(3) and (d)(1) the inference that Congress regarded text-based communications as "messages, not calls." At most, those technical standards provisions show that *some* messages, faxes, are most properly considered "messages," which are a *subset* of calls. Indeed, the term "telephone facsimile machine" means equipment that "transcribe[s] text or images (or both) *from an electronic signal received over a regular telephone line* onto paper." 47 USC § 227(a)(3). So, this criticism shows the opposite of what the panel said, since Congress explicitly defined a fax machine as a type of machine that receives messages over regular *telephone lines*. And to state the obvious, telephone lines receive telephone calls.

2

**4.    The panel gives "call" two meanings in one statute.**

*Steidinger* acknowledges the settled authority that texts are "calls" under § 227(b), yet holds the same word excludes texts in § 227(c)(5). That violates the presumption that a given term is used to mean the same thing throughout a statute. Subsections (b) and (c) differ in many substantive ways, including triggering conduct, consent, frequency, and remedies, but not in the meaning of "call."

**5.    Section 227(c)(5) expressly incorporates regulations that govern texts.**

The private right of action requires receipt of more than one call "in violation of the regulations prescribed under this subsection," and those regulations expressly reach "telemarketing calls or text messages." 47 C.F.R. § 64.1200(e). This is not deference, and *McLaughlin* is beside the point, because Congress itself made subsection (c)'s regulations an element of the claim. Section 227(c)(5) is an enforcement provision, not a grant of rulemaking authority, which are governed by Sections 227(c)(1)-(4), and which vest in the FCC broad authority to promulgate regulations that support residential subscribers' rights. *Steidinger*'s construction thus yields a mismatch Congress could not have intended, such that the FCC may expressly prohibit a telemarketing text under the subsection (c) rules, yet the consumer could not invoke the very remedy Congress attached to violations of those rules.

For these reasons and those in Plaintiff's opposition, *Steidinger* should not alter the Court's analysis, and the motion to dismiss should be denied. To the extent that further questions remain, Plaintiff respectfully requests the opportunity to submit a more fulsome brief addressing the impact of *Steidinger* on this matter before the Court renders a decision.

**6. The remaining authorities cited in Defendant's Notice do not alter the analysis.**

Defendant's remaining supplemental authorities likewise do not warrant dismissal. Four of the five district court decisions—*Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385-TWP-TAB, 2026 U.S. Dist. LEXIS 65697 (S.D. Ind. Mar. 26, 2026); *Richards v. Fashion Nova, LLC*, No. 1:25-cv-02025-TWP-TAB, 2026 U.S. Dist. LEXIS 65696 (S.D. Ind. Mar. 26, 2026); *Irvin v. Sonic Industries Services, LLC*, No. 3:25-cv-00242-LMM, 2026 U.S. Dist. LEXIS 90262 (N.D. Ga. Apr. 20, 2026); and *James v. Smarter Contact, Inc.*, No. 8:25-cv-01657-KKM-SPF, 2026 U.S. Dist. LEXIS 68492 (M.D. Fla. Mar. 31, 2026)—rest on the same reasoning later adopted by the Seventh Circuit in *Steidinger*. Likewise, *Internicola v. MortgagePros, LLC*, No. 6:25-cv-01613-AGM-LHP, 2026 U.S. Dist. LEXIS 129255 (M.D. Fla. June 10, 2026), is only a magistrate judge's report and recommendation applying the same analysis. None provides any additional reasoning beyond *Steidinger* that independently supports dismissal.

More importantly, Defendant's Notice omits the growing body of post-*McLaughlin* decisions reaching the opposite conclusion. Since *McLaughlin*, courts have repeatedly held that text messages constitute "telephone calls" for purposes of § 227(c)(5), including *Wilson v. Cirkul Inc.*, 2026 U.S. Dist. LEXIS 119804 (D. Or. Apr. 14, 2026); *Pero v. Brown-Daub Chevrolet of Nazareth*, 2026 U.S. Dist. LEXIS 134498, 2026 WL 1747214 (E.D. Pa. June 17, 2026); and *Hopkins v. HomeLight, Inc.*, 2026 U.S. Dist. LEXIS 154579, 2026 WL 2017320 (W.D. Wash. July 13, 2026). Those courts independently analyzed the statutory text after *McLaughlin* and concluded that § 227(c)(5) encompasses telemarketing text messages. A copy of those decisions is attached as Exhibit A. Particularly noteworthy, *Pero* expressly considered and rejected the same statutory arguments advanced by Defendant here, while *Wilson* and *Hopkins* likewise held that text messages are actionable under § 227(c). The existence of these well-reasoned post-*McLaughlin*

4

5

decisions confirms that *Steidinger* does not represent the consensus view and counsels against

relying on a single out-of-circuit decision to dismiss Plaintiff's claims.


                                              Respectfully Submitted,

Dated: July 27, 2026                          */s/ Anthony I. Paronich*
                                              Anthony I. Paronich
                                              Paronich Law, P.C.
                                              350 Lincoln Street, Suite 2400
                                              Hingham, MA 02043
                                              (508) 221-1510
                                              anthony@paronichlaw.com

                                              *Attorneys for Plaintiff and the
                                              putative Class*

5